STATE OF OREGON v. J. C. MANN, Appellant.

*Appeal from Multnomah County.*

1. A game of cards, commonly called poker, is not a gambling device under section 666.
2. Section 666 is void for uncertainty, since it does not enumerate and describe the gambling devices intended to be prohibited.

THIS is a criminal action for a violation of section 667, of the Code of Criminal Procedure. The indictment charges that " the said J. C. Mann, on the 29th day of January, 1867, in the county aforesaid, did willfully and unlawfully permit a gambling device, prohibited by section 666 of the said Code, to wit, a game of cards commonly called poker; the same being a game of chance to be set up in a house by him occupied, and of which he had the control, for the purpose of gaming and playing a game of chance for money."

The appellant demurred to the indictment, on the ground that it did not state facts sufficient to constitute any offense; which demurrer was overruled, and the defendant pleaded not guilty. Appellant was convicted on this indictment and appealed to this court.

*Mitchell, Dolph & Smith,* for appellant :

Can an act be made criminal where neither the statute, the common law, nor any legal definition of the act show it to be included in the statute ?

1st. A gambling device, to be prohibited, must be enumerated in the statute. (*Frisbie* v. *State,* 1 *Ogn.,* 264.)

2d. It is a fundamental rule that no man shall incur any penalty, unless the act which subjected him to it is clearly both within the letter and the spirit of the statute imposing the penalty. (*Smith's Commentaries,* 839 ; 7 *Cranch.,* 61 ; *U. S.* v. *Wiltberger,* 5 *Wheat.,* ; 22 *Barb.,* 267.)

3d. This statute is an exception to those of all the other States in not specifying anything as a gambling device. (*Whart. Crim. Law, sections* 2454–5, *notes a, b, c, d, e, f, g.*)

4th. To hold a defendant to answer and put him on trial for a violation of section 667, deprives the defendant of his constitutional right " to demand the nature and cause of the accusation against him, and have a copy thereof."

5th. It is not alleged that the " gambling device," &c., was *adopted, designed,* or devised for playing a game of chance for money.

6th. Because there is no allegation that the defendant permitted any gambling device to be set up. A device is something tangible; a game is not.

*Hill & Mulky*, for respondent:

If section 667 can be permitted to have any effect it is difficult to see why it does not prohibit all gambling devices adopted, devised or designed for playing games of chance for money; nor how it can be construed to prohibit devices which were unlawful at common law, and not those which were tolerated or did not exist, if these answered such description.

That the game charged did answer such a description was a matter of affirmative proof.

If it were necessary for the statute to name the games forbidden, then the law is useless, for a change of name of game alone would evade the law.

The intention of the legislature must be carried out. (1 *Kent Com.*, 462–5–7.)

The game need not be named in statute. (*Com.* v. *Gooding*, 3 *Met.*, 131.)

PRIM, J. The indictment charges that Mann did unlawfully permit a "gambling device" to be set up in a house by him occupied or under his control, which was prohibited by section 666 of the Code of Criminal Procedure. The device specified in the instrument is "a game of cards commonly called poker." Section 666 of the Code is in these words: "All gambling devices of whatever name or nature adopted, devised or designed for the purpose of playing any game of chance for money, &c., are prohibited from being set up, used, &c." It will be seen that the "game of cards commonly called poker" is not specified by name as one of the devices prohibited by this section; nor can it be considered a gambling device in the sense of the words used in this section; because, to be such, it must be something *tangible* and adapted, devised or designed for the purpose of playing a

game of chance for money, &c.   A game is nothing tangible, and is not adapted, nor can it be used in playing a game of chance.   The game is the result produced by the use of the device; and the prohibition of the section is evidently against the use of the device instead of the result of it.   It is insisted, with great earnestness on behalf of appellant, that the statute on which this indictment is founded is void, for uncertainty; for the reason that it does not enumerate or define the gambling devices which it undertakes to prohibit.   A crime or public offense is some act forbidden by law; and it is a well settled rule of law that no one can be punished for doing an *act*, unless it clearly appears that the *act* sought to be punished comes clearly within both the spirit and letter of the law prohibiting it.   The act constituting the offense should be clearly and specially described in the statute, and with sufficient certainty, at least, to enable the court to determine, from the words used in the statute, whether the act charged in the indictment comes within the prohibition of the law.   Do the provisions of the statute in question do this?   Can the court ascertain from all the words used in it, without resorting to evidence, what a gambling device is?   We think not, because the term has no settled and definite meaning.   It is nowhere defined in the Code, nor has it any common law definition.   For these reasons, we think, section 666 of the Code of Criminal Procedure has failed to give a sufficient description of gambling devices to enable the courts to determine, with certainty, what was intended to be prohibited by the legislature, and is, therefore, void.   Then it was error in the Circuit Court to overrule the demurrer to the indictment.

Judgment is reversed.

WILSON, J., dissented generally.