The opinion of the court was delivered by
Watkins, J.
The defendant was indicted for the crime of having maliciously and feloniously altered the mark of a hog, the property *1479 of Isaac Rider, in one count, and also with the crime of larceny of one hog, the property of Isaac Rider, in another count.
On the trial there was a general verdict of “ guilty in manner and form as charged in the bill of indictment, and thereupon the trial judge pronounced two judgments or sentences against the defendant. In the first he sentenced him to one year’s imprisonment for the commission of the crime of having feloniously and maliciously altered the mark of a hog, and in the second he sentenced him to one year’s imprisonment in the penitentiary for the larceny of a hog.
The defendant’s counsel filed a motion to quash the indictment on the ground that in the first count it is not charged that the alleged alteration of the mark of the hog was made “with intent to steal,” and that the second count does not describe the stolen property “by giving a description of the size, sex, color, age, etc., so as to support the plea of autre fois acquit or autre fois convict as required by the statutes,” and that in consequence of said failure and omission the indictment is null and void.
This motion was submitted to and overruled by the court, but counsel retained no bill of exceptions to the ruling of the court, relying exclusively, upon an assignment of errors filed in this court.
I.
The first count of the indictment was framed under and in pursuance of the provisions of Section Three (3) of Act 8 of 1870, extra session, which declares that “ whoever shall feloniously or maliciously mark or brand, or alter, or deface the mark or brand of any horse, mare, gelding, colt, ass, mule, neat cattle, hog, sheep or goat shall on conviction be imprisoned at hard labor or otherwise, etc.” n Treating this as a question of law apparent upon the face of the indictment, and a matter of substance which the defendant may assign in this court as error, we think it evident that counsel for the defendant is in error, as the charge of the first count is of the violation of a special statute, and consequently the crime denounced therein is a statutory offence, and may be charged in the indictment in the identical words of the statute or those of equivalent import. Knoblock’s Criminal Digest, p. 233, and the authorities therein collated.
The words of the statute are feloniously and maliciously alter or deface the mark or brand of any one of the animals enumerated. It *1480 does nob employ the phrase “ with intent to steal,” nor any other of similar import, and the indictment would, in our opinion, have been bad if same had been employed.
II.
It was unnecessary for the indictment to have mentioned the particular mark of the hog that is charged to have been altered, nor whose mark it was. The indictment does specify the name of the owner of the hog, the mark of which defendant altered, and presumably the hog bore his mark.
This description fulfils the requirement of the statute in every essential particular.
III.
The animal is described in each of the two counts of the indictment as one hog, the property of Isaac Rider, and in our opinion that ■was a sufficient description to satisfy the requirements of the law, and put the defendant upon his guard with reference to the commission of the particular crime he was called upon to answer for.
With regard to the want of proper description in the first count, we think it is disposed of by the discussion in the two preceding paragraphs; and with regard to that in the second, it is conformable to the rules of criminal proceedings often sanctioned by this court.
In any event the objection is one of a purely formal defect which is apparent on the face of the indictment, and can only be taken advantage of by demurrer or motion to quash before the jury is sworn; and same is amendable instanter, and the trial proceeded with. Rev. Stats., Sec. 1064.
The defendant’s counsel, should have reserved a bill of exceptions to the overruling of his motion to quash and pressed his objection here. Bub our predecessors held in State vs. King, 31 An. 179, that an indictment charging the defendant with stealing “ one mule ” was good and sufficient — citing Gabriel vs. State, 40 Ala. 357; People vs. Littlefield, 5 Cal. 355.
And in State vs. Carter, 33 An. 1214, it was held that the description of the thing stolen, in an information for larceny being “ one hog, the property of A. B.” is sufficient — citing McBride vs. State, 13 Bush. 337; Taylor vs. State, 44 Ga. 263; Grant vs. State, 2 Texas Ap. 163; State vs. Mansfield, 33 Texas Ap. 129; Washington vs. State, 58 Ala. 355; 2 Bishop Crim. Proc., Sec. 700.
This objection is not well grounded.
*1481 IV.
The objection that there is no name laid in either count of the indictment, by stating the place where the alleged crime was committed,is amere formal defect — conceding that it be a defect,at all— and can not be taken advantage of by an assignment of error, especially in the absence of any averment to that effect in a motion to quash, and exception taken to an unfavorable ruling of the trial judge.
It is covered by the authorities cited in the preceding paragraph.
While it is true that the charge of one count in the indictment relates to the malicious and felonious altering of the mark of a hog, and that of the other count relates to the larceny of the same hog, it does not follow that these two felonious acts were necessarily contemporaneous and formed parts of the same identical transaction, so as to render two separate sentences thereunder null and void. There is nothing on the indictment to show that such was the case. It may well be that the proof at the trial showed that the altering of the mark of the hog was preparatory, to all appearances, to the contemplated subsequent larceny, and was expected by the accused to conceal the theft and prevent detection.
The two crimes charged are distinct one from the other and are denounced by two separate statutes, but of the same generic character.
We deem it a well recognized principle in our jurisprudence, as well as at common law, that such offences are pleadable in different counts of the same indictment. Knoblock’s Crim. Dig., pp. 241 et seq., and the authorities there cited.
Our examination and study of this case has led us to the conclusion that the trial judge has committed no error entitling the defendant to relief at our hands.
Judgment affirmed.