J. K. STOKES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 6, 1913.

1. An indictment for altering the marks of an animal, need not describe the original marks.

2. Altering the marks and changing the brands of an animal are separate offenses and may not be embraced in the same count.

Writ of error to the Circuit Court of Leon County.

Judgment reversed.

*Nat R. Walker* and *S. H. Diamond,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

COCKRELL, J.—The indictment charging J. K. Stokes with altering the existing marks and brands of a hog, the property of W. W. Sanders, is alleged to be defective in failing to describe the marks and brands so altered.

In Mizell v. State, 38 Fla. 20, 20 South. Rep. 769, we held it unnecessary in an indictment for the larceny of a cow, to describe the marks and brands, and we see no reason for a more specific description in this class of cases. We decided in Shiver v. State, 41 Fla. 630. 27 South. Rep. 36, that the indictment need not allege the owner of the mark alleged to have altered, and in the opinion, the case of State v. O'Neal, 7 Iredell (N. C.) 251, is cited approvingly. In the O'Neal case, that court decided it is not necessary to set forth the original mark nor in what manner the alteration was made. The case of State v. Stelly, 48 La. Ann. 1478, 21 South. Rep. 89, is also exactly in point.

There is, however, a fatal defect in the indictment. Since the decision in the Shiver case, there has been a separation of the crime of altering the marks or brands of an animal; the two being now distinct though kindred offenses, with different penalties. See Daughtry v. State, this day decided. The indictment confuses the

27—Vol. 65

two crimes in one count, the general verdict therefore affords no sufficient predicate for a sentence, and the judgment should have been arrested.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.