Evelio Grello, *et al.*, v. State.

194 So. 638
Division A
Opinion Filed March 15, 1940
Rehearing Denied April 2, 1940

*Albert D'Arpa* and *Cyrus W. Fields,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

Per Curiam.—Information in two counts was presented against Evelio Grello and Celestino Lopez. The first count charged: "that Evelio Grello and Celestino Lopez late of the County of Hillsborough aforesaid, in the State aforesaid, on the 18th day of April in the year of Our Lord One Thousand Nine Hundred and thirty-nine with force and arms at and in the County of Hillsborough aforesaid, did

unlawfully have in their possession certain implements and devices for conducting a lottery commonly known as New York bond, which lottery was conducted for money, said implements and devices being duplicate tickets in a lottery not yet played and being a part of the paraphernalia for conducting the aforesaid lottery, * * *" and the second count charged: "that Evelio Grello and Celestino Lopez late of the County of Hillsborough aforesaid, in the State aforesaid, on the 18th day of April in the year of Our Lord, one Thousand nine hundred thirty-nine, with force and arms at and in the County of Hillsborough aforesaid, did unlawfully conduct a lottery for money, and by means of a lottery did dispose of money, and did sell tickets in a certain lottery for money, said lottery being commonly known as New York bond, a further description of which is to the Solicitor unknown."

Grello was convicted on the first count and general verdict of guilty was returned against Lopez. Accused were adjudged guilty and sued out writ of error.

We have carefully examined the record and, while it appears that Grello may have been innocent of any criminal interest insofar as participation in conducting a lottery is concerned, his own testimony as a witness leads to the conclusion that he did know what the "duplicate tickets" were and that so knowing, he voluntarily took them into his manual possession and threw them out of the automobile in which he was riding with Lopez to prevent the then pursuing officer from finding them in the Lopez automobile. So the jury was justified in the reasonable conclusion that he was technically guilty. This Court is without power to modify the sentence imposed.

On examination of the entire record, we find no reversible error. So the judgment must be affirmed.

238

So ordered.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.