Tony Russo v. State.

196 So. 293
Division A
Opinion Filed April 12, 1940
On Rehearing En Banc, June 7, 1940

*Whitaker Brothers,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* for Defendant in Error.

PER CURIAM.—Writ of error brings for review judgment of the conviction of the offense charged as, "did unlawfully and feloniously have in his possession certain implements and devices, to-wit, duplicate tickets in a certain lottery commonly known as Cuba bolita, which lottery was then and there conducted for money, said duplicate tickets being evidence of an interest in the aforesaid lottery not yet played, and being then and there in possession of the said Tony Russo as a part of the paraphernalia for conducting the aforesaid lottery," and also charged as, "did unlawfully and feloniously have in his possession certain implements and devices, to-wit, duplicate tickets in a certain lottery commonly known as New York bond, which lottery was then and there conducted for money, said duplicate tickets being evidence of an interest in the aforesaid lottery not yet played, and being then and there in possession of the said Tony Russo as a part of the paraphernalia for conducting the aforesaid lottery."

The judgment must be affirmed on authority of the opinion and judgment in the case of Evellio Grello and Celestino Lopez filed and entered at this term of the Court.

While the opinion and judgment in that case was contrary to the views of two Justices who dissented, the enunciations promulgated therein thereby became binding as the applicable law in such cases and must be regarded, even by a dissenting Justice of this Court, as such.

So the judgment is affirmed.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON REHEARING

THOMAS, J.—An opinion was formerly filed April 12, affirming the judgment on the authority of Grello v. State, 194 South. Rep. 638. In this affirmance all members of the Court who participated agreed.

It was then discovered that through inadvertence the request for oral argument was overlooked and a rehearing was granted, as it should have been in the circumstances, so that attorneys for plaintiff in error could argue the case before this Court.

After argument we decide that we should adhere to the original opinion despite the insistence of counsel for plaintiff in error that there was duplicity in the information.

In the first place a motion to quash was filed in the trial court attacking the four counts of the information on the grounds that there was failure to charge an offense; that they consisted "merely of conclusions of the pleader" with no facts given showing a violation of law; and that the allegations were "so vague, indefinite and uncertain that a conviction or acquittal of this defendant would not protect him on future prosecutions for the same offense." Then followed under the title "Additional grounds as to the second and fourth counts:" "1st. Said counts are duplicitous in that they charge two offenses which are felonies in one and the same court."

Clearly the defect of duplicity was ascribed to only the second and fourth counts. The plaintiff in error was found

guilty as charged in the first and third counts of the information which completely eliminated any consideration by this or any other Court of the second and fourth counts.

In the statement of facts at the beginning of the brief filed in behalf of plaintiff in error reference was made to the first and third counts, then this language appears: "These are the only counts we are concerned with, because the defendant was acquitted upon the second and fourth counts, which charged the conduct and operation of a lottery."

Thus our view is that the plaintiff in error should not prevail on this point and in reaching such a conclusion we are not forgetful of the fact that at the time of argument and after the first opinion was lodged with the clerk, the attorney for plaintiff in error filed here what is termed "Additional Question" and thereby injected into the case for the first time the matter of "irreconcilable and contradictory felonies." In our opinion it was then too late to raise the question which the trial court did not have before it.

Parenthetically the sole question presented here before the filing of the first opinion was: "Does an information charging possession of 'duplicate' lottery tickets charge an offense against the laws of the State of Florida?"

Our final reason for inability to conclude that the judgment should be reversed is that no duplicity is present anyway as, it seems to us is readily determinable from the decisions of this Court for " 'when a statute makes either of two or more distinct acts, connected with the same general offense and subject to the same punishment, indictable as distinct crimes, they may, when committed by the same person at the same time, be coupled in one count and constitute but one offense.' " Irvin v. State, 52 Fla. 51,

41 South. Rep. 785, 10 Ann. Cas. 1003, quoting from Bradley v. State, 20 Fla. 738. That is not duplicity.

The judgment of the lower court should be and it is—Affirmed.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

BROWN and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—This case is before us pursuant to rehearing granted and argument heard after our granting of such rehearing pursuant to opinion filed herein on April 12, 1940.

The defendant was convicted under counts 1 and 3 of the information. The pertinent parts of the counts of the information upon which defendant was convicted are set out in our opinion, *supra*. The statute on which the information is based is Section 5509 R. G. S., 7667 C. G. L., which is as follows:

"It shall be unlawful for any person, firm or corporation in this State to set up, promote or conduct any lottery for money or for anything of value; or by means of any lottery to dispose of any money or other property of any kind whatsoever; or to conduct any lottery drawings for the distribution of prizes, by lot or chance, or to advertise any such lottery scheme or device in any newspaper or by circulars, posters, pamphlets or otherwise; or to sell or to offer for sale, or to transmit by mail or otherwise, any lottery tickets, coupons or share in or fractional part of any lottery ticket, share or coupon; or to attempt to operate, conduct or advertise any lottery scheme or device; or to have in his, their or its possession any lottery wheel, implement or device whatsoever for conducting any lottery or scheme for the disposal by lot or chance of anything of value; or to have in his, their or its possession any lottery

ticket or evidence of any share or right in any lottery ticket, or in any lottery scheme or device; or to have in his, their or its possession any lottery advertisement, circular, poster or pamphlet, or any list or schedule of any lottery prizes, gifts or drawings, or to aid or assist in the setting or conducting of any lottery, either by writing, printing or otherwise; or to be interested in, or connected in any way with any lottery or lottery drawing; or to aid or assist in the sale, disposal or procurement of any lottery ticket, coupon, share or right to any drawing therein. Any violation of this section shall be a felony, and shall be punished by a fine of not less than five hundred dollars, nor more than five thousand dollars, or by imprisonment in the State penitentiary not less than one year, or more than ten years."

It will be observed that the section clearly denounces the commission of several different acts, any one of which constitutes a felony.

Count 1 of the information charges that the defendant had "in his possession certain implements and devices, to-wit: duplicate tickets in a certain lottery commonly known as Cuba bolita, which lottery was then and there conducted for money, said duplicate tickets being evidence of an interest in the aforesaid lottery not yet played." This allegation charges an offense under that language of the statute above quoted, which is: "to have in his, their or its possession any lottery ticket or evidence of any share or right in any lottery ticket, or in any lottery scheme or device." This count of the information then charges: "and being then and there in possession of the said Tony Russo as a part of the paraphernalia for conducting the aforesaid lottery." This allegation charges the offense denounced by the statute as follows: "to have in his, their or its possession any lottery wheel, implement or device whatsoever for conducting any

lottery or scheme for the disposal by lot or chance of anything of value." In other words, this count charges two different offenses. One is that he had in his possession duplicate tickets being evidence of an interest in a lottery not yet played; and the other is that he had in his possession certain duplicate lottery tickets as a part of the paraphernalia for conducting a lottery.

The third count of the information possesses the same infirmity as the first count.

Motion to quash the information was duly filed in the court below and the denial of the motion to quash was assigned as error. One of the grounds of the motion to quash was that, "the allegations of the information are so vague, indefinite and uncertain that a conviction or acquittal of this defendant would not protect him on future prosecutions for the same offense."

The allegations of the information, as heretofore stated, charged the commission of two felonies by one and the same act and it is impossible to determine from the record whether the defendant was convicted of having in his possession a ticket which was evidence of an interest in a lottery yet to be played, or was convicted of having in his possession an implement or device for conducting a lottery for the disposal by lot or chance of a thing of value.

The two offenses charged in each of the first and third counts of the information are so distinctly separate offenses as they would have been had the information charged in one count that the defendant had in his possession a lottery wheel for conducting a lottery for the disposal by lot or chance of anything of value, and also that the defendant had in his possession a lottery ticket which was evidence of an interest in a lottery yet to be played. For authorities supporting this view see James v. State, 4 Okla. Criminal

587, 112 Pac. 944, 140 Am. St. 693; State v. Ayers, 49 Ore. 61, 88 Pac. 653, 124 Am. St. 1036; John Francis, *et al.,* v. United States, 23 Sup. Ct. 334, 188 U. S. 375; State v. Mann, 2 Ore. 238.

One of the offenses charged is applicable against a person who conducts the lottery, while the other offense is applicable to the person who participates in the lottery only by contributing to the fund. In common parlance, one is the "house" and the other is the "player." One person cannot consummate both offenses because if a person conducts a lottery there must be players to contribute to the fund which is to be used to pay off.

It, therefore, follows that the two offenses charged are inconsistent, one with the other.

Some of the offenses denounced by the statute, *supra,* are not inconsistent and might be charged in one count of the indictment or information conjunctively and in such cases the rule stated in Stedman v. State, 80 Fla. 547, 86 Sou. 428, would be applicable. But this information charges two separate, distinct and inconsistent offenses and is, therefore, ruled by Griswold v. State, 77 Fla. 505, 82 Sou. 44; Stokes v. State, 65 Fla. 416, 62 Sou. 345.

For the reasons stated, the judgment should be reversed.

BROWN, J. (concurring).—As the two offenses charged in count one, and also in count three, are not only separate and distinct offenses, but are inconsistent and repugnant the one to the other, the holding in Irvin v. State, 51 Fla. 51, 41 So. 785, is not applicable here. The motion to quash these two counts should therefore, in my opinion, have been granted. It is elementary that two separate and inconsistent offenses cannot be combined in one count of an information or indictment. To do so would conflict with Sections 11 and 12 of the Declaration of Rights contained in

our Constitution. I might add that I did not participate in the decision of the Grello case, which is not yet a binding precedent, because rehearing has been granted in that case.