120 So.2d 209 (1960)
CITY OF MIAMI BEACH, a Municipality Created and Existing under the Laws of the State of Florida, Appellant,
v.
PARKING FACILITIES, INC., a Florida Corporation, Appellee.
No. 59-538.
District Court of Appeal of Florida. Third District.
April 28, 1960.
Rehearing Denied May 25, 1960.
Ben Shepard, Miami, Joseph Wanick, Miami Beach, and Hoffman, Kemper & Johnson, Miami, for appellant.
Julius J. Perlmutter, Miami Beach, and W.G. Ward, Miami, for appellee.
CARROLL, CHAS., Judge.
This is an appeal by the City of Miami Beach from a decree enjoining enforcement of its zoning regulations in certain respects against appellee's property.
Appellee owns a block on the west side of Collins Avenue between 38th and 39th Streets on Miami Beach. It is in a multiple-family district which takes in hotels and all their facilities, including stores therein. The zoning affecting its property is further liberalized by it being designated as an REE Multiple-family District, which includes all residential zoning grades up to and including the RE multiple-family or hotel district, and in addition allows construction of Multiple-level Automobile Parking Garages.
The controversy in this case results from the fact that the ordinance which allows the construction of a parking garage in a multiple-family (hotel) district permits stores in hotels but not otherwise, and excludes stores from such garage buildings. That zoning, with respect to the property involved here, was held to be a valid exercise *210 of the city's police power, in an earlier suit between these parties relating to the same property which was brought by the property owner in 1954. The decree was entered in that suit in 1955, and affirmed by the Supreme Court in 1956 in the case of Parking Facilities, Inc. v. City of Miami Beach, Fla. 1956, 88 So.2d 141. In that 1956 case the question considered was stated by the Supreme Court as follows (88 So.2d at page 142):
"* * * the sole question before us is whether the ordinance which allows the construction of a parking garage in a multiple-family district but excludes therefrom stores is a valid and constitutional exercise of the police powers of the municipality."
In disposing of the case the Supreme Court said (88 So.2d at pages 142-143):
"The record in this case shows that plaintiff's property is located in the heart of a multiple-family district where stores are prohibited. The reasonableness of such classification is not an issue here. There is nothing in the record to indicate that the ordinance under question deprives the plaintiff of the beneficial use of its property. Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642. Not only does the record show that the parking of automobiles is one of gravest problems faced by the City of Miami Beach but this Court judicially knows that such problem is one of the most pressing and serious confronting governmental bodies. The solution of this problem or anything which tends to solve it necessarily contributes to the general welfare. The construction of a parking garage as required in the ordinance in a multiple-family district is not detrimental to the district or inconsistent with the uses allowed therein but, on the contrary, is essential to the maintenance of the integrity of such district. On the other hand, the use of a portion of the building for stores or other business enterprises would violate the integrity of the district and plant therein a growth which could well spread and destroy the character of the neighborhood. It would constitute spot zoning of the worst order, a practice which we and all other courts have universally condemned. Moreover, these zoning ordinances come to us with the presumption of validity. City of Miami Beach v. Hogan, Fla., 63 So.2d 493, and cases there cited. We are not authorized to substitute our judgment in matters of this kind for that of the constituted authorities of the City of Miami Beach so long as their actions are, as here, within constitutional limitations."
That decision in the earlier case, between these parties with reference to the property in question, settled the proposition that the action of the City of Miami Beach in excluding stores from an authorized multiple-level garage building in a multiple-family (hotel) district was a valid and constitutional exercise of the police powers of the city.
In the final decree involved here the chancellor chose not to follow and apply the holding in the first suit as reported in 88 So.2d 141, and he chose as being "the best law" a contrary view expressed in a dissenting opinion there. In doing so the chancellor was in error. The decision on the appeal in the earlier case, by the Supreme Court majority, became the judgment of that court, was res judicata as to the factual issues and questions of law there determined, and was binding on the trial judge in this second suit between the same parties involving the same property. See Hysler v. State, 132 Fla. 200, 181 So. 350, 352; Russo v. State, 142 Fla. 596, 196 So. 293, 294; Ephrem v. Phillips, Fla.App. 1957, 99 So.2d 257, 263; State v. Nichols, 167 Kan. 565, 207 P.2d 469, 475; 30A Am. Jur., Judgments, § 338; 8 Fla.Jur., Courts, § 165.
*211 The chancellor based his decision also on his determination that changes in conditions with relation to the property and the area had occurred since the decision in the first suit sufficient to require a different conclusion from that which was reached in the earlier suit. Appellants contend that there were no changes of conditions or new facts since the earlier decision sufficient to support the decree.
The case of City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473, 477-478, tells us that the doctrine of res judicata must be used with caution in zoning cases, because it may not be applicable in a subsequent suit based on changed conditions and new facts which did not exist at the time of the prior judgment.
The changes which the complaint alleged as having occurred subsequent to the first suit were amendments to the zoning ordinance to allow banks and building and loan associations in RE Multiple-family Districts; an amendment to the zoning ordinance which enlarged the number or kind of stores which could be maintained in hotels of more than 100 rooms in RE Multiple-family Districts; the rezoning of an ocean front strip (beginning some blocks north of appellee's property) from single family residences to RE multiple-family (hotel) uses; and additional construction or enlargements of hotel or apartment houses in the neighborhood resulting in increased traffic and reduction of vacant property.
The chancellor found that those alleged changes had occurred, together with certain stepped-up uses of the area which increased traffic and population congestion. We are impelled to conclude that the matters thus relied on as changes in circumstances were unsubstantial and insufficient upon which to base a ruling directly contrary to that which the circuit court and later the Supreme Court had made in the first case.
This case presents an unusual request or demand on the part of the owner. It complains about the zoning which permits stores in hotels, yet its property is zoned for such hotel use in which it also could have the benefit of such stores. In addition to the uses allowed in RE Multiple-family (hotel) Districts, appellee has the further zoning privilege of using its property for a multiple-level parking garage[1]. Appellee's complaint is that it is not given more  that it is not also permitted to have stores in the authorized parking garage building.
The exclusion of stores from multi-level garage buildings in such districts was held by the Supreme Court to be a proper exercise of the police power of the city, in Parking Facilities, Inc. v. City of Miami Beach, supra, Fla. 1956, 88 So.2d 141, and no sufficient change of conditions was shown which could require or justify the overthrow of this recently approved zoning regulation, under the standards for such as recognized and specified in the leading decisions which have dealt with that subject. See Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642; Siegel v. Adams, Fla. 1950, 44 So.2d 427; City of Miami Beach v. First Trust Co., Fla. 1950, 45 So.2d 681; City of Miami v. Ross, Fla. 1954, 76 So.2d 152; Tollius v. City of Miami, Fla. 1957, 96 So.2d 122.
For the reasons stated, the decree appealed from is reversed.
Reversed.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] Also, by a provision in the decree in the first suit, which was not disturbed on the appeal in that case, such a multiple-level parking garage building was held to be entitled to have therein a gasoline service station as a reasonable and necessary means of servicing the automobiles which would patronize the garage.