312 So.2d 544 (1975)
REALTY MARTS, INC., Appellant,
v.
Mae H. BARLOW and William C. Coe, Appellees.
No. V-161.
District Court of Appeal of Florida, First District.
May 20, 1975.
Barry Z. Rhodes and John M. Davis of Fitzgerald, Johnston & Davis, Milton, for appellant.
Patrick G. Emmanuel of Holsberry, Emmanuel, Sheppard, Mitchell & Condon, Pensacola, for appellees.
BOYER, Acting Chief Judge.
This litigation arises out of an oral open listing agreement under which the sellers of land were to pay broker a commission *545 upon its procuring a purchaser of the land. The broker, appellant-plaintiff, sued sellers, appellees-defendants, for the commission. The trial court sitting without a jury granted sellers' motion for involuntary dismissal at the conclusion of broker's case in chief and, thereafter, rendered a judgment in favor of sellers. Broker has taken this appeal. The issue here is whether the evidence presented by broker established a prima facie case that broker was the procuring cause of the purchase of sellers' land.
In mid-July 1972, sellers orally agreed with broker's salesman that if the salesman produced a purchaser of their land for $6,000.00 an acre net to them, they would pay the broker a commission of ten percent. Sellers informed the salesman that other brokers were also attempting to sell the land.
Thereafter, the salesman rode by the property, obtained a topographical sketch, contacted a prospective purchaser, walked over the property with the prospect, discussed the possibilities of developing the land with the prospect and his engineer, and then discussed the terms of a sale with him. On or about 15 August 1972, the salesman prepared a sales contract which was submitted to the prospect but rejected, as he could not come up with the required binder. A few days later, the salesman discovered that the prospective purchaser had gone direct to the sellers and negotiations for a sale of the property were going on between them. He telephoned the sellers and inquired if his commission would be paid as he was the procurer of the purchaser. Sellers stated they would discuss the matter with their attorney.
Sellers and the prospective purchaser executed a sales agreement on 18 October 1972 incorporating terms similar to those in the sales contract prepared by the salesman and rejected by the purchaser. On 30 December 1972, the sale was consummated.
The evidence, aborted by the granting of the motion for involuntary dismissal, indicates that appellant was the procuring cause of the sale, and the property was in fact sold to appellant's prospect. A realtor is under no obligation to notify the property owner every time the property is shown. In the case sub judice the record supports the position that appellant did everything that was required by a realtor to be done in order to entitle the realtor to a commission. An amount equal to the realtor's commission was even added to the sale price and paid by the purchaser.
Appellant having made a prima facie case that he was the procuring cause of the sale and that he gave timely notice to appellees, the able and learned trial judge erred in granting the motion for involuntary dismissal at the conclusion of appellant's case. We, accordingly, reverse and remand with directions that the trial court hear such further evidence as may be adduced and thereupon enter a final judgment on the merits.
It is so ordered.
McCORD, J., concurs.
MILLS, J., dissents.
MILLS, Judge (dissents).
I dissent.
This litigation arises out of an oral open listing agreement under which the sellers of land were to pay broker a commission upon its procuring a purchaser of the land. The broker, appellant-plaintiff, sued sellers, appellees-defendants, for the commission. The trial court sitting without a jury granted sellers' motion for involuntary dismissal at the conclusion of broker's case in chief and, thereafter, rendered a judgment in favor of sellers. Broker has taken this appeal. The issue here is whether the evidence presented by broker established a prima facie case that broker was the procuring cause of the purchaser of sellers' land.
*546 In mid-July 1972, sellers orally agreed with broker's salesman that if the salesman produced a purchaser of their land for $6,000.00 an acre net to them, they would pay the broker a commission of ten percent. Sellers informed the salesman that other brokers were also attempting to sell the land.
Thereafter, the salesman rode by the property, obtained a topographical sketch, contacted a prospective purchaser, walked over the property with the prospect, discussed the possibilities of developing the land with the prospect and his engineer, and then discussed the terms of a sale with him. On or about 15 August 1972, the salesman prepared a sales contract which was submitted to the prospect but rejected, as he could not come up with the required binder. A few days later, the salesman discovered that the prospective purchaser had gone direct to the sellers and negotiations for a sale of the property were going on between them. He telephoned the sellers and inquired if his commission would be paid as he was the procurer of the purchaser. Sellers stated they would discuss the matter with their attorney.
The only contacts between the salesman and the sellers were in mid-July and a few days after 15 August. The salesman did not inform the sellers of his negotiations with the prospective purchaser nor disclose the prospective purchaser's identity until he learned that negotiations were going on between sellers and the prospective purchaser. Though initially the salesman stated that sellers told him he did not have to inform them who he obtained as a buyer, he subsequently changed this to sellers told him only to find a buyer. He concluded that he was to inform sellers that he had a buyer when he had a contract in hand.
Sellers and the prospective purchaser executed a sales agreement on 18 October 1972 incorporating terms similar to those in the sales contract prepared by the salesman and rejected by the purchaser. On 30 December 1972, the sale was consummated.
To be entitled to a commission, a real estate broker or salesman employed to find a purchaser of land must produce a purchaser who is ready, willing and able to purchase on the terms of the listing and communicate that fact to the seller or obtain from the purchaser a sales agreement incorporating the terms of the listing. Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011 (1908).
In the case sub judice, the only evidence adduced indicated that the prospective purchaser was unable to purchase the land as he did not have the ability to come up with the required binder deposit. When unable to do this, the prospective purchaser refused to sign the sales contract.
At no time did the salesman notify the sellers that he had a prospect with whom he was negotiating a sale, nor did he identify the prospective purchaser. It was his duty to do this.
When the salesman discovered that the purchaser had contacted the sellers and they were negotiating a sale, for the first time, he disclosed to sellers the identity of his prospect and their negotiations. As the agreement between the salesman and sellers was an open listing, absent notice and bad faith, the sellers could sell the land at any time to anyone. There was no evidence of notice or bad faith.
Accordingly, plaintiff failed to establish a prima facie case that it was the procuring cause of the purchaser of the land, and the trial court properly granted defendants' motion for involuntary dismissal at the conclusion of plaintiff's case in chief.
I would affirm.