348 So.2d 63 (1977)
REALTY MARTS INTERNATIONAL, INC., Appellant,
v.
Mae H. BARLOW and William C. Coe, Appellee.
No. CC-411.
District Court of Appeal of Florida, First District.
July 20, 1977.
John M. Davis of Fitzgerald & Davis, Milton, for appellant.
Patrick G. Emmanuel of Holsberry, Emmanuel, Sheppard & Condon, Pensacola, for appellee.
BOYER, Acting Chief Judge.
This is the second appearance of this case before this Court. See Realty Marts, Inc. v. Barlow, 312 So.2d 544 (Fla. 1st DCA 1975). The relevant factual background is recited in our prior opinion and no useful purpose *64 will be served by repetition here. The record reveals that upon remand the learned trial judge held a hearing at which the defendants, appellees here, adduced evidence following which the trial court entered a final judgment reciting "that the plaintiff, Realty Marts International, Inc., take nothing by this action and that defendants, Mae H. Barlow and William C. Coe, go hence without day." It is from that final judgment that Realty Marts now appeals.
Appellees yet urge that appellant was not entitled to a commission for the reason that its agent failed to notify the property owners that the subject property had been shown to the ultimate purchaser. That point was settled by this Court's prior opinion wherein we stated "A realtor is under no obligation to notify the property owner every time the property is shown." Sub judice the record reveals without contradiction that the owners were notified that appellant's salesman had shown the property to the purchaser prior to the sale by the owners to the purchaser, albeit that the purchaser had gone directly to the owners after having been shown the property by appellant's salesman but before the salesman notified the owner that the purchaser was his prospect, and before the ultimate sale took place. The law is well settled that an owner is liable for a commission where, with the knowledge of pending negotiations between the broker and the purchaser, the owner completes the sale of which the broker is the procuring cause. (12 C.J.S. Brokers § 93b.)
In our prior opinion (at page 545) we stated "In the case sub judice the record supports the position that appellant did everything that was required by a realtor to be done in order to entitle the realtor to a commission." Our examination of the record after remand reveals that no evidence was adduced by the defendants (appellees) which effectively refuted that holding. The record is clear that appellant, via its salesman, found a customer and showed the property to the customer who was ready, willing and able to purchase. Those elements are best demonstrated by the uncontradicted fact that the customer became the ultimate purchaser without the intervention of any other broker.
The owners now attempt to escape liability for payment of the commission by alluding to minor variations between the terms of the ultimate sale and the terms recited in the contract prepared by appellant's salesman and by him submitted to the purchaser prior to the purchaser contacting the owners directly. Our examination of the record reveals that contention to be without merit. A broker may not be so easily deprived of his earned commission. If that were so in every instance a crafty prospect could reject the contract submitted by the broker, go behind his back to the owner, modify the terms without affording the broker an opportunity for negotiations, purchase the property and thereby evade, on behalf of the seller, the payment of a commission. Such is not the law of the State of Florida.
The record revealing that a prospective purchaser produced by appellant who was ready, willing and able to purchase the subject property, and who did in fact purchase the property, on substantially the same terms as negotiated by the broker, the broker is entitled to the commission agreed upon between it and the owners, defendants in the trial court and appellees here. Accordingly, we reverse and remand with directions to vacate the final judgment here appealed and to enter judgment in favor of appellant and against appellees, in accordance herewith.
REVERSED.
ERVIN, J., concurs specially.
MILLS, J., dissents.
ERVIN, Judge, specially concurring.
I concur in Judge Boyer's opinion because I feel the conclusion reached in the prior decision, which reversed the trial court's order granting the sellers' motion for involuntary dismissal at the conclusion of the broker's case, is now the law of the case. While I might have arrived at a different conclusion had I participated in the disposition of the original appeal, I feel that the *65 parties are now bound by this court's prior opinion.
True the issue previously before us was different from that now presented. The prior case dealt only with the propriety of the lower court's order granting the motion for involuntary dismissal. The test for such a motion is whether "on the facts and the law the party seeking affirmative relief has shown no right to relief... ." Fla.R. Civ.P. 1.420(b). Moreover the same principles governing motions for directed verdicts in nonjury cases apply to motions for involuntary dismissal. Gibson v. Gibson, 180 So.2d 388 (Fla. 1st DCA 1965). Here we are testing the sufficiency of all the evidence presented at the nonjury trial, have found it legally insufficient and have entered judgment in favor of the broker.
The fact that the issues on a later appeal may be different does not necessarily require a different result when the evidence in both appeals is substantially the same. Recently we applied the doctrine of the law of the case as justification for dismissing a plenary appeal even though different issues were before the court in the earlier interlocutory appeal; the facts, however, were substantially the same. Schempp v. Schempp, 339 So.2d 672 (Fla. 1st DCA 1976).
My review of the record convinces me that there were no factual distinctions of any substance which occurred upon remand. The facts recited in this court's prior majority opinion were essentially the same facts presented later by both parties. Whatever is once established between the same parties in the same case continues to be the law of the case so long as the facts on which such decision was predicated continue to be the facts in the case. McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323 (1935). Moreover where the majority of the court has determined the law as to a given set of facts, the entire court is bound by such a determination even though some of the members of the court may have previously dissented. Russo v. State, 142 Fla. 596, 196 So. 293 (1940).
Consequently, the evidence before us being substantially the same as before, I feel committed to the conclusion previously reached by a majority of this court: "The evidence ... indicates that appellant was the procuring cause of the sale, and the property was in fact sold to appellant's prospect." 312 So.2d at 545.
MILLS, Judge, dissents:
I dissent.
I would affirm for the reasons stated in my dissent in Realty Marts, Inc. v. Barlow, 312 So.2d 544 (Fla. 1st DCA 1975).