PER CURIAM.
Appellant, defendant in the trial court, seeks relief from an adverse final judgment entered following a non-jury trial, by which it was determined and held that appellee was entitled to receive a real estate commission from appellant by virtue of appellee having been the procuring cause of the transaction.
The evidence in this case is subject to the same interpretation as that discussed by this Court in Realty Marts, Inc. v. Barlow, 312 So.2d 544 (Fla. 1st DCA 1975), and Realty Marts, International, Inc. v. Barlow, 348 So.2d 63 (Fla. 1st DCA 1977). Finding as we do that the evidence was sufficient to sustain the findings of the learned trial judge, sitting as trier of the facts, we affirm.
Another point, inferentially addressed by appellant, deserves our attention. During the trial appellee called as a witness one of the purchasers of appellant’s property whose testimony was not favorable to ap-pellee and in many respects substantiated the contentions of appellant. In Parker v. Miracle Strip Boat & Motors Hdqtrs., 341 So.2d 197 (Fla. 1st DCA 1976), this Court stated:
“* * * The overwhelming majority rule on that issue is that notwithstanding the rule that a party cannot impeach his own witness the party may establish, by other witnesses that the facts are otherwise then as stated by a particular witness. * * * It has been observed that even where a witness has not been called as an adverse witness, plaintiff is not always bound by the unfavorable testimony of such a witness. * * *” (341 So.2d at page 199)
AFFIRMED.
BOYER, Acting C. J., and MILLS and ERVIN, JJ., concur.