379 So.2d 400 (1980)
Patrick J. FEARICK, Appellant,
v.
The SMUGGLERS COVE, INC., a Dissolved Florida Corporation, et al., Appellees.
No. 79-113.
District Court of Appeal of Florida, Second District.
January 18, 1980.
*401 H. Stephen Frank, Fort Myers, for appellant.
Robert P. Rosin of Rosin, Abel, Band, Rosin & Brown, Sarasota, for appellees.
C. Michael Jackson of Stewart, Stewart, Jackson & Keyes, Fort Myers, for appellees, Parsons, Wood and Shapiro.
Steven L. Studybaker, Cape Coral, for appellees, Outer Island Development of Florida, Inc., and Robert Hollopeter.
HOBSON, Judge.
Appellant, a licensed real estate broker, appeals the dismissal with prejudice of his fourth amended complaint. In five counts, he sought to recover a brokerage commission for services allegedly performed in connection *402 with the sale of certain property owned by Smugglers Cove, Inc.
The factual allegations in appellant's complaint state that he and Bauer, the president of Smugglers Cove, orally entered into an exclusive listing agreement in August of 1973 for the sale of property owned by the corporation. The sale price was set at $925,000, with the purchaser to assume a $200,000 mortgage, and appellant was to receive a 6% commission if he procured a ready, willing and able purchaser. Thereafter, appellant undertook certain steps to advertise and sell the property, including placing signs on the property.
Although the purchase price had twice been reduced, the property remained unsold as of early February, 1976, resulting in a further reduction to $750,000. Thereafter, appellant contacted Hollopeter, president of Outer Island Development of Florida, Inc., which was in the process of developing a tract of land adjacent to the property. Hollopeter was informed that appellant was the exclusive broker and of the terms and conditions of the sale. After appellant had had several meetings with Hollopeter and had informed Bauer that a potential purchaser had been located, Bauer contacted another broker and offered him $4,000 if he would arrange an introduction with Hollopeter and if a sale resulted. Thereafter, Hollopeter told appellant that he was no longer interested in purchasing the property.
On July 1, 1976, the shareholders of Smugglers Cove consented to dissolution of the corporation, pursuant to Section 607.254, Florida Statutes (1975), and executed articles of dissolution pursuant to Section 607.267. After the filing of the articles of dissolution, a quit-claim deed was executed on July 7, 1976, transferring the subject property to the shareholders of the corporation. The property was then sold to Outer Island for $650,000. Appellant alleges that he demanded payment of his commission, but received only $2,500 for his services.
Appellant filed a complaint against appellee in February, 1977; the fourth amended complaint was filed in September, 1978, and dismissed with prejudice in January, 1979. Count I of the complaint is an action against Smugglers Cove for the real estate commission; Count II is against Bauer individually for entering into an unauthorized contract on behalf of the corporation; Count III is a claim against Bauer and Erb as trustees for payment of corporate debts in their capacity as directors; Count IV is an action against the shareholders of Smugglers Cove for the real estate commission; and Count V is an action against Hollopeter for tortious interference with the contract for the real estate brokerage commission.
We agree with the trial judge's dismissal of Counts II, and IV; however, we find that there was error in his dismissal of Counts I, III and V.
The question presented is essentially a question of pleading, i.e., whether the appellant's fourth amended complaint states causes of action against the defendants; "whether, in other words, if the allegations of the amended complaint were proved, the defendant[s] would be liable to the [plaintiff] for damages." Wiley v. Dow, 107 So.2d 166, 168 (Fla. 1st DCA 1958). See also Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956). In testing a complaint on a motion to dismiss, all facts properly pleaded are deemed admitted. On an appeal from a final judgment dismissing the complaint, it is irrelevant whether or not the appellant would have been able to present sufficient evidence to prevail on the merits. Elliott v. Hernando County, 281 So.2d 395 (Fla. 2d DCA 1973); Connelly v. Merritt, 273 So.2d 7 (Fla. 1st DCA 1973).
Count I of appellant's fourth amended complaint alleges facts which, if proven, will entitle him to his brokerage commission from Smugglers Cove, Inc. The parties had orally entered into an exclusive listing (agency to sell) agreement.[1] Under such an agreement, the owner retains the right to *403 sell the property independently of the broker. However, if the sale is to a ready, willing and able purchaser procured by the broker, the owner is liable for the broker's commission. Nicholas v. Bursley, 119 So.2d 722 (Fla. 2d DCA 1960).
Whether a broker is a procuring cause is a question of fact to be determined from the surrounding circumstances. Wilkins v. Tilton Real Estate & Ins., Inc., 257 So.2d 573 (Fla. 4th DCA 1971); National Airlines, Inc. v. Dooly Associates, Inc., 160 So.2d 53 (Fla. 3d DCA 1964). Generally, to be the procuring cause of a sale, "a broker must show that he called the potential purchaser's attention to the property and that it was through his efforts that the sale. . was consummated." B & B Super Markets, Inc. v. Metz, 260 So.2d 529, 531 (Fla. 2d DCA 1972). If the broker locates a purchaser, inaugurates negotiations with him, and so informs the seller, he is the procuring cause and is entitled to his commission even though the seller interrupts the negotiations and sells to the purchaser at a price lower than the one which the broker was authorized to accept. Estes v. Moylan, 94 So.2d 362, 365 (Fla. 1957); Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876 (1944); 7 Fla.Jur.2d, Brokers §§ 92, 99.
A broker was found to be the procuring cause in a case factually similar to the instant case. Realty Marts, Inc. v. Barlow, 312 So.2d 544 (Fla. 1st DCA 1975); Realty Marts, Inc. v. Barlow, 348 So.2d 63 (Fla. 1st DCA 1977). There, as here, the broker found a customer who was ready, willing and able to purchase and showed him the property. The customer rejected a sales contract submitted by the broker and initiated negotiations directly with the seller. Finding that the broker had done all that was required under an oral open listing agreement, and was, therefore, the procuring cause, the court held that "an owner is liable for a commission where, with the knowledge of pending negotiations between the broker and the purchaser, the owner completes the sale of which the broker is the procuring cause. (12 C.J.S. Brokers § 93 b.)" 348 So.2d at 64.
Count III also states a cause of action against Bauer and Erb, who were the directors at the time of dissolution of Smugglers Cove, in their capacity as trustees for property owned by the dissolved corporation. See Sections 607.144, 607.297 and 607.301, Florida Statutes (1975). The allegations of Count III are sufficient to support the theory that the sale to Outer Island was contemplated when the corporation was dissolved, and that the directors could have reasonably anticipated that appellant would be making a claim for his commission. Cf. Neville v. Leamington Hotel Corp., 47 So.2d 8 (Fla. 1950), construing a prior statute to permit suit against the dissolving directors within the three-year prolongation period.
Finally, the facts alleged in Count V also state a cause of action against the purchaser for the tortious interference with the contract between the broker and seller.[2] The elements of this tort are threefold: the existence of a business relationship under which the plaintiff has legal rights; an intentional and unjustified interference with that relationship by the defendant; and damage to the plaintiff as a result of the breach of the business relationship. Azar v. Lehigh Corp., 364 So.2d 860 (Fla. 2d DCA 1978), citing Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 4th DCA 1971).
The business relationship need not be founded on an enforceable contract. Franklin v. Brown, 159 So.2d 893 (Fla. 1st DCA 1964). A business relationship may be established if a commission was discussed by the broker and seller and the latter was aware that the broker was rendering services on his behalf. Mead Corp. v. Mason, 191 So.2d 592 (Fla. 3d DCA 1966). Such a relationship was alleged to have existed here.
*404 The purchaser was informed by the broker that he had an exclusive listing with the seller. Nonetheless, the purchaser broke off negotiations with the broker and dealt directly with the seller after an introduction by another broker. This would supply the element of intent. Sutton v. Stewart, 358 So.2d 119 (Fla. 1st DCA 1978). There is no doubt that the broker suffered damage as a result of the purchaser's conduct.
For the foregoing reasons, we find that the trial judge erred in dismissing Counts I, III and V of appellant's fourth amended complaint. Accordingly, we reverse and remand with directions that those counts be reinstated.
GRIMES, C.J., and OTT, J., concur.
NOTES
[1] Such agreements need not be in writing. Kerdyk v. Hammock Oaks Estates, Inc., 342 So.2d 833 (Fla. 3d DCA 1977); Realty Marts, Inc. v. Barlow, 312 So.2d 544 (Fla. 1st DCA 1975).
[2] The fact that the broker has a cause of action against the seller does not deprive him of a cause of action against the purchaser if the latter helped induce the breach. Mead Corp. v. Mason, 191 So.2d 592 (Fla. 3d DCA 1966); Oro Verde Groves, Inc. v. Fuchs, 136 So.2d 12 (Fla. 3d DCA 1962); Pokress v. Southern Hotel Corp., 42 So.2d 166 (Fla. 1949).