M. J. Moss, Jr., v. Mamie J. Sperry, *et al.*

2 So. (2nd) 123
Division B
Opinion Filed May 13, 1941
Rehearing Denied May 26, 1941

*G. P. Garrett,* for Appellant;

*W. A. Pattishall,* for Appellees.

Chapman, J.—This case makes its appearance here for the second time. See Moss v. Sperry, 140 Fla. 301, 191 So. 531. The basis of the first appeal was an order entered by the lower court sustaining a motion interposed by the defendants below to dismiss the amended bill of complaint. The order of dismissal was reversed and this Court held that the amended bill of complaint stated a cause for equitable relief.

On December 4, 1939, after the mandate was transmitted to the lower court, the defendant Mark

Dodd filed an answer to the amended bill of complaint in which he either admitted or denied many of the material allegations thereof. The answer denied that he received any information about the property but that his dealings were directly with the owners thereof. He denied the allegations of collusion and conspiracy with the owners of the property to evade the payment to the plaintiff of a commission by the owners. It is admitted that the suit at bar was filed by plaintiff after the signing of a sales agreement and the payment of the sum of $500.00 by Mark Dodd and prior to the delivery of deed on August 6, 1937.

The joint and several answers of the Sperry heirs deny: (a) a listing of the property with the plaintiff; (b) the obligation to pay a 10 per cent commission; (c) that plaintiff produced a purchaser ready, able and willing to purchase; (d) that the plaintiff produced Mark Dodd as a purchaser; (e) admit that Mark Dodd had paid $500.00 on the purchase price of the property when the suit was instituted; (f) deny all allegations as to an intention to evade the payment of a commission; (g) admit they are non-residents but own other real estate located in Florida; (h) deny a collusion and conspiracy with the purchaser Mark Dodd to consummate the sale in such a manner as to evade the payment of the plaintiff's commission. Other allegations appear in the pleadings of the respective parties, but it is unnecessary for a decision of this case to detail a recitation thereof, as the material allegations of the amended bill are set out in the first opinion in this case. See Moss v. Sperry, 140 Fla. 301, 191 So. 531.

The record shows that the testimony was taken before E. Marshall Steifel, as examiner, and duly re-

ported to the chancellor, and on final hearing certain specific findings were made by the chancellor, viz.:

"1. That the plaintiff has failed to maintain and prove his amended bill of complaint herein, and is therefore not entitled to the relief prayed for.

"2. That the equities in this case are with the defendants.

"3. That the amended bill of complaint herein, be and the same is hereby dismissed with prejudice.

"4. That the defendants costs herein in the sum of $15.25 be and the same are hereby taxed against the plaintiff."

It is from this final decree an appeal has been perfected to this Court.

The law of the case was settled by this Court on the former appeal in which the amended bill of complaint was sustained against separate motions to dismiss on the part of the defendant Mark Dodd and the Sperry heirs, on the ground that the amended bill was without equity and on the further ground that the plaintiff had a complete and adequate remedy at law. Counsel for appellant contends on this appeal that the plaintiff below established and proved the material allegations of the amended bill of complaint and that the final decree finding the equities of the cause were with the defendants was clearly erroneous, while counsel for appellees contend that the evidence adduced by the plaintiff was legally insufficient to establish the material allegations of the amended bill and consequently the final decree appealed from was not erroneous.

The record discloses that the heirs of Henry Sperry, deceased, owned the fee simple title to the orange grove located at Maitland, Florida, and Mr. Kenneth

McPherson lived upon and was the caretaker of the property. The heirs of Henry Sperry are non-residents of Florida and these heirs gave to Edgar J. Sperry, Wade R. Sperry and Charles E. Little a power of attorney and agent, with full authority to rent, lease, manage, control, pay taxes, make repairs and make contracts for the disposition of all real estate and any part thereof . . . They were granted the power to sign the name of the owners of the land to any legal instrument, with the single restriction that the signatures of two of the three agents would be binding upon all the heirs.

During the month of March, 1937, one of the agents, with Mr. McPherson, called at the office of the plaintiff and while there the plaintiff contends that he obtained a verbal or oral listing of the grove, with the price fixed at $15,000.00 and a sale thereof carried a 10 per cent commission, and that pursuant thereto he caused the property to be advertised in some of the papers published in Orange County. Plaintiff was unable to find or produce a copy of the paper containing the advertisement but Mr. McPherson expressed the opinion that he saw or read an advertisement which he believed was the Sperry property as carried by the plaintiff.

The defendant Mark Dodd testified that he obtained the address of the owers of the grove and under date of May 26, 1937, wrote them. A correspondence developed which resulted in a contract of sale dated June 21, 1937, and around July 2, 1937, he remarked to the plaintiff that he had entered into an agreement with the owners to take over the property for the sum of $11,500.00 and steps were being taken to close the sale. The sale was closed on August 6, 1937, and the

plaintiff on or about July 2, 1937, notified one of the agents that he claimed a commission for the sale of the property to Mark Dodd. Mark Dodd in his testimony disclaimed knowledge of the listing thereof held by the plaintiff of said property but that the first information on this subject was given him by the plaintiff near the Angebilt Hotel in Orlando on July 2, 1937. The pertinent exhibits offered by the plaintiff are each dated subsequent to this date.

The plaintiff's case rests on his own testimony, several exhibits and testimony of the caretaker, Mr. McPherson. It is true that around $1,300.00 of the purchase price money was escrowed awaiting the result of the suit brought to recover the commission. The uncontradicted testimony of the defendant Dodd to the effect that he was without knowledge of the alleged listing of the grove property with the plaintiff until July 2, 1937, no doubt actuated the lower court to hold that the equities of the case were with the defendants.

We fail to find testimony in the record to sustain the allegations of the amended bill to effect that it was the purpose and intent of the purchaser Mark Dodd in dealing with the owners direct and ignoring the plaintiff to avoid the necessity on the part of the owners to pay the plaintiff's commission or that it was the purpose and intent of the owners in dealing with Mark Dodd direct to evade and avoid the necessity of paying the plaintiff his commission and that the defendants have no other property in Orange County or the State of Florida out of which the plaintiff could enforce the payment of his commission and that the defendant owners and the purchaser knowingly combined, conspired and colluded to consummate the sale in such a

manner as to evade the payment of plaintiff's commission.

The burden was on the plaintiff to establish by competent testimony the material allegations of the amended bill of complaint and as we interpret the record, we hold that he failed to carry the burden. Likewise the burden is on the appellant to clearly show error in this Court on the part of the lower court and we fail to find error in the record. The decree appealed from is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, J. J., concur.