C. M. ROBERTSON, DR. P. PHILLIPS AND SONS, INC., a Florida corporation; DR. P. PHILLIPS, individually and H. J. KIRKLAND, v. MARTIE WILLIAMS and HORACE E. HENDERSON.

28 So. (2nd) 114                  June Term, 1946
November 29, 1946              Special Division B
Rehearing denied December 11, 1946

*Akerman, Dial & Akerman,* for petitioners.
*G. P. Garrett,* for respondents.

BARNS, Circuit Judge:

By this suit the plaintiffs-respondents by their bill sought to hold the defendants, Phillips, accountable to the plaintiffs for a commission when, allegedly, plaintiffs as real estate brokers had property of C. M. Robertson listed with them and the Phillips's knowing this bought the property direct from the owner and paid all cash; that plaintiffs were the procuring cause of the sale, and that the vendor Robertson is a nonresident upon whom personal service cannot be had; that the acts of the Phillips's and Robertson were to hinder and frustrate the payment of plaintiffs' claim of a brokerage commission.

For present purposes we will assume that plaintiffs-respondents had a listing of the property of C. M. Robertson; that Robertson was the owner of the orange grove and Henderson and Williams were real estate brokers; and Dr. P. Phillips and Sons, Inc., bought the property from Robertson for $200,000.00 and that Dr. P. Phillips acted either for himself or for the corporation in the purchase.

After alleging that the plaintiffs were effective in finding a purchaser for the property so as to make the vendor liable to them for a commission, plaintiffs contend that the purchasers

closed the deal direct with the vendor in order to frustrate the payment by the vendor of a commission to the plaintiffs.

The deal was closed and the entire purchase price paid. Defendants Phillips are not shown to be in anywise indebted to the seller or to hold any property belonging to him.

Assuming all the foregoing recitals and contentions to be true and that the vendor is liable for a commission by reason of the purchase, it is our conclusion that the bill is without equity. Plaintiffs' case, if any, is in law.

Petition for certiorari is granted. The order overruling petitioners' motion to dismiss the bill is quashed.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.

BROWN, J., concurring:

I concur in Judge BARNS' opinion.

As I understand the bill filed by the plaintiffs below, respondents here, there was no agreement that the real estate commission should be paid out of the proceeds of the sale. The bill alleges that plaintiffs' contract of employment to sell the property for a certain commission was with the owner, Robertson. It is not alleged that Phillips, the purchaser, ever agreed to pay plaintiffs a commission. The full purchase price was paid in cash by Phillips to Robertson, and a deed delivered by Robertson to Phillips. It appears that Robertson is liable for the commission, $10,000.00, not Phillips. As I view it, the case of Moss v. Spurry, 140 Fla. 301, 191 So. 531, 125 A.L.R. 909, is not in point on the facts alleged in the bill. Whether Phillips is liable in damages to plaintiffs for fraudulently conspiring with Robertson, a non resident, to defeat plaintiffs below from collection of their commission, is not, as we see it, a question that we are called upon to answer in this case.