C. W. NICOL v. SAMUEL BRESSLER and S. N. ROSENHOUSE

32 So. (2nd) 457                    June Term, 1947
November 18, 1947                   En Banc
Rehearing denied January 6, 1948

*Myron H. Lewis,* for petitioner.
*Cushman & Woodard,* for respondent.

BARNS, J.:

Plaintiff-respondent was a broker and was interested in finding a buyer for defendant-owner's property. He found a

buyer who bought. The deal between the buyer and seller may not have been closed under the directions of the broker-plaintiff but this he had no right to demand. The buyer and seller may have intended to conceal from him facts which would evidence liability of the seller to the broker for a commission.

If the transaction between the buyer and seller had been completed with the broker looking on he could not have prevented it and his claim would have been the same as it is now.

Although the broker-plaintiff alleges fraud and conspiracy, no facts are plead revealing that the broker has been deprived of anything nor to show any invasion of plaintiff's rights by a conspiracy.

The broker still has all that he could have—a claim for compensation against the party with whom he contracted—to-wit: the vending owner.

For a similar case see Robertson v. Williams, 158 Fla. 163, 28 So. (2nd) 114. See also Moss v. Sperry, 140 Fla. 301, 191 So. 531, 125 ALR 909.

Certiorari denied.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.

TERRELL, BUFORD and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

On petition for certiorari under Rule 34, we review an order dismissing a bill in equity cancelling a lis pendens and transferring the cause to the law side of the court.

The gist of the bill is that petitioner was a real estate broker and was engaged by respondent Bressler to find a purchaser for certain real estate; that respondent Rosenhouse was found by petitioner and introduced to Bressler as a likely prospect. Thereafter Bressler and Rosenhouse fraudulently conspired to cheat petitioner out of his commission. In furtherance of the conspiracy, they consummated the sale of the original purchase price, less the commission which petitioner would have received, both receiving the benefit of the commission.

By his bill petitioner seeks to impress an equitable lien on the property.

The chancellor was of the opinion that his remedy at law was adequate.

We have never had just such a case as this before us and it is a close question, nevertheless we have come to the conclusion that the remedy at law is not clear and adequate. Obviously we have only the case made by the bill and from that, the fraudulent act is admitted. Petitioner performed his duty; the purchaser became a party to the fraud, received the property and gained that which rightfully belonged to petitioner.

Several times we have considered the question of an equitable lien involving somewhat different facts. See Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 48 A.L.R. 1409; Moss v. Sperry, 147 Fla. 86, 191 So. 534; Gables Racing Association, Inc. v. Persky, 148 Fla. 627, 6 So. (2nd) 257.

TERRELL, J., concurs.