**MARTIE WILLIAMS v. DR. P. PHILIPS & SONS, INC., a Florida corporation.**

33 So. (2nd) 637

January 30, 1948

January Term, 1948

Division A

*W. K. Whitfield,* for appellant.

*Akerman, Dial & Akerman,* for appellee.

SEBRING, J.:

The plaintiff below has appealed from a judgment sustaining a demurrer to his declaration. The declaration alleges, in brief, as follows: One C. M. Robertson, a citizen and resident of Ohio, by and through his duly authorized agent, one H. J. Kirkland, a citizen and resident of Florida, listed a certain Florida citrus grove for sale with the plaintiff, who was and is a licensed real estate broker under the laws of Florida; and contracted with the broker that if the latter would produce to him as agent for the owner a purchaser who would purchase the property for $200,000 net to the owner, the broker could add to said price such reasonable sum for his services as broker in producing such purchaser as the broker might fix. In reliance upon said contract the plaintiff advertised the

grove for sale at and for the price of $213,000; the sum of $13,000 to constitute a brokerage commission for the broker.

As a direct result of said advertisement the plaintiff procured Dr. P. Phillips & Sons, Inc., a corporation, as a purchaser for the property and produced the prospect to Kirkland, the owner's agent. Thereupon the owner, through his agent Kirkland, dealt directly with Dr. P. Phillips & Sons, Inc. and sold the property to the corporation for $200,000 cash, even though all parties had knowledge at the time that plaintiff had actually interested the corporation in the purchase of the property and had produced the purchaser to the agent of the owner of the property.

The declaration also alleges that "Said purchaser was financially able to pay $213,000 for said property and ready and willing to buy said property at the net price of $200,000 fixed by the owner."

The declaration alleges, further, that in the transaction the said Dr. P. Phillips & Sons, Inc., acting through its president, Dr. P. Phillips, and said Kirkland, the agent for the owner, willfully conspired to cheat and defraud the plaintiff "of his earned brokerage commission" by taking advantage of the services of the plaintiff in bringing the property to the attention of the prospective purchaser; by falsely representing to the owner and to the plaintiff that the plaintiff had not procured the Dr. P. Phillips & Sons, Inc. as a purchaser for the property; by thereby persuading the owner to reduce his advertised price of the property from $213,000 to $200,000; and by closing the sale on an all-cash basis for $200,000 without notifying the plaintiff and thus giving him opportunity to protect himself in the collection of his commission by the legal remedies of attachment or garnishment or otherwise.

It is also averred in the declaration that the plaintiff has been injured and damaged by this fradulent conduct of the defendant and the owner's agent, in that the owner was and is a non-resident of the State of Florida, has no property therein, and has not been in the State of Florida since the transaction so as to give the plaintiff opportunity to serve him personally with process; as a consequence of which the

plaintiff has been deprived of all legal remedy in this State against the said Robertson, the owner of the property.

While the right of a party to a contract to sue a third person in tort for wrongful interference with his contract rights has been upheld in several jurisdictions, we do not find that the right has ever been recognized where the contract is not exclusive or has not been fulfilled by the contracting party by at least partial performance; or where the contracting party has failed to show that he had a reasonable expectation of being able to perform the contract, in accordance with its terms and conditions, had not the acts of the third person intervened.

As appears from the face of the declaration in the case at bar, the listing given by the owner Robertson, through his agent, Kirkland, to Martie Williams, the broker, was that the latter should procure a purchaser ready, able and willing to purchase the property at such figure as would assure to the owner a net price of $200,000 for the property, together with such additional sum as would give to the broker a reasonable commission for his services. The allegations of the declaration make it plain that the broker did not produce the type prospect called for by his listing. While it is alleged in the declaration that the defendant Dr. P. Phillips & Sons, Inc. was financially able to pay $213,000 for the grove property, it is not alleged that the corporation was ready and willing to close for such price, or for any price in excess of the $200,000 which it eventually paid in its dealings directly with the owner. Neither is it shown by the pleading that but for the action of the defendant in dealing directly with the owner, the broker could have persuaded the defendant to purchase the property for $213,000; or that he had the reasonable expectation of procuring another prospect who would have been ready, able, and willing to purchase the property for the price of $213,000 fixed by the broker. The total absence of some such allegation, or allegations, from the declaration is sufficient to render the declaration bad on demurrer, even though it be assumed, for the sake of argument, that with such allegations present a case would have been stated to warrant recovery against the purchaser.

The judgment appealed from should be affirmed.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.