TERRELL, Justice.
Appellant, a real estate broker, brought this suit against appellees as defendants to recover a real estate commission. He bottoms his complaint on the theory that a leasehold estate in a certain Miami property was listed with him for sale by appel-lee, that appellant procured “purchasers ready, able and willing to purchase the interest of said defendant-lessees upon terms agreeable to them.” It is contended that the sellers conspired with the purchasers, consummated the sale in secret and eliminated appellant from having any part in the transaction, -thus depriving him of his commission. The Court dismissed the original and the amended complaint. The plaintiff appealed.
The only point for determination is whether or not the original or the amended complaint stated a cause of action.
The gist of appellant’s grievance is that the leasehold was listed with him for sale and that he found and presented a purchaser with whom the sellers and purchasers negotiated and consummated the sale in secret, thereby- perpetrating a tortuous fraud on appellant. He relies on Duval Laundry Co. Inc. v. Reif, 130 Fla. 276, 177 So. 726. It is true that we held in this case that interference with any contract amounts to tort but with qualifications that are not necessary to discuss at this time due to what we consider fatal defects in the complaint.
Appellant devotes much of his brief to the charge that the seller and the purchaser made an agreement to exclude him (appellant) from the transaction, that such an agreement was fraudulent or tortuous and . that under the doctrine of Duval Laundry Co. Inc. v. Reif, last cited, both the seller and the purchaser are liable to him in tort. Both, were made parties defendant. He relies on Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, 84 A.L.R. 1; Tatarsky v. Wavecrest Building Corp., Sup., 49 N.Y.S. 2d 335, and California Auto Court Ass’n v. Cohn, 98 Cal.App.2d 145, 219 P.2d 511 and other cases to support this contention.
We have examined these cases and the doctrine on which they are based has much to commend them to a court of equity but we are confronted with a complaint that is devoid of some of the fundamental requisites of such a pleading. There is not sufficient showing of breach of duty on the part of defendants, the listing and sales *910 price are' indefinite, the showing of damages is short of the requirement and there are other deficiencies not necessary to detail. Appellant has briefed his contention -very thoroughly but his complaint being fatally defective we express no opinion as to' whether or not we- would follow the rule applied in' the cases 'he relies on even though as applied in those cases it has merit.
The judgment appealed from is therefore affirmed.*
Affirmed.
ROBERTS, C.J., 'and SEBRING and MATHEWS;' J J., ■ concur.