86 So.2d 814 (1956)
Charles BORINSKY and Leon Garfinkel, Petitioners,
v.
Joe COHEN, Realtor, Respondent.
Supreme Court of Florida. Division A.
April 11, 1956.
Warren, Klein & Moore, Miami Beach, for petitioners.
Mayerson, Greenberg & Cohen, Miami Beach, for respondent.
THORNAL, Justice.
By petition for certiorari Borinsky and Garfinkel who were defendants below seek review of an order of the Chancellor transferring to the law side of the court a complaint in equity setting forth two separate alleged "causes of action" filed by the respondent Cohen as plaintiff below.
Cohen, a real estate broker, filed suit in equity alleging that one Jaffe had listed with him for sale his interest in a motel and had contracted to pay Cohen the usual commission for procuring a purchaser ready, able and willing to buy. Cohen alleges that the property was ultimately purchased by Borinsky and Garfinkel as the result of his efforts but that he was deprived of his commission because (1) Borinsky and Garfinkel wrongfully refused to permit him to perform under his brokerage contract as alleged in the first count, and (2) because the purchasers after receiving the services of Cohen dealt directly with the seller, Jaffe, purchased the property for some unstated price acceptable to *815 Jaffe less the usual commission that would have been paid to the broker and "wrongfully, intentionally, fraudulently and maliciously informed the said" Jaffe that the plaintiff as a broker was not involved in the transaction. This was the substance of the second count.
Petitioners as defendants below filed a motion to dismiss, contending that the complaint failed to state a cause for relief, and also contending that there was an adequate remedy at law. The motion was addressed to the complaint as a whole and not to the alleged "causes of action" severally. The trial judge treated the motion to dismiss as a motion to transfer the cause to the law side of the docket but declined to dismiss the complaint. Petitioners, as defendants, were allowed twenty days within which to file an answer. A review of this order by certiorari is prayed.
We note that the seller was not a party to the cause. By the first count the broker alleged nothing more than that he had been employed to find a purchaser, that he had found a purchaser, that the transaction was closed agreeably to the seller, but that the broker had not been paid his commission. We find no basis for a cause of action against the purchasers in this count. The brokerage contract was between the seller and the broker and if the transaction was closed by the seller with the purchasers on terms according to the listing with the broker, then the broker still has his right of action, if any, against the seller but not against the purchasers with whom he had no contract. This conclusion is adequately sustained by our decisions in Robertson v. Williams, 158 Fla. 163, 28 So.2d 114; and Nicol v. Bressler, 159 Fla. 668, 32 So.2d 457. As an equity cause this case is not even remotely similar to Moss v. Sperry, 140 Fla. 301, 191 So. 531, 125 A.L.R. 909.
As to the second count, however, the allegations are different in that this count specifically reaverred all allegations of the first count and adds allegations of tortious interference by the purchasers with the contractual right between the broker and the seller. It is generally alleged that the purchasers wrongfully and fraudulently informed the seller that the broker had nothing to do with the transaction and by such alleged fraud succeeded in purchasing the property for some unstated purchase price less the usual and customary real estate commission that otherwise would have been paid to the broker for the service that he allegedly rendered. As we understand this count, respondent attempts to allege in substance that the purchasers had unjustly enriched themselves at the expense of the broker to the extent of the reduction in purchase price by fraudulently representing that the broker was not instrumental in bringing about the transaction. As so construed, the second "count" might conceivably be strengthened by allegations adequate to support a cause of action at law. However, as set forth in this complaint the so-called "second cause of action" is fatally insufficient. See Ringler v. Ruby, 117 Or. 455, 244 P. 509, 46 A.L.R. 245; Allen v. Ramsey, 170 Okla. 430, 41 P.2d 658, 97 A.L.R. 1259; Keviczky v. Lorber, 290 N.Y. 297, 49 N.E.2d 146, 146 A.L.R. 1410; including Annotations to all three cases in A.L.R.
The complaint, therefore, does not state a claim for relief either in equity or at law and the petitioners should not have been required to answer it. The prayer of the petition is, therefore, granted, the order appealed from is quashed, and the cause is remanded with directions to the trial court to dismiss the complaint, without prejudice to the respondent to institute such action at law as to him might seem appropriate.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.