THORNAL, Justice.
Petitioners, Colony Hotel, Inc., a Florida corporation, and Charles Martel, by a petition for certiorari seek review of an order of the Chancellor denying their motion to dismiss a complaint in equity filed by respondent Pokress seeking the declaration of a constructive trust in connection with a claimed real estate commission.
The question for our determination is whether under the circumstances hereafter summarized a real estate broker can proceed in equity against the buyer in a real estate transaction by way of a complaint seeking the declaration of a constructive trust.
Pokress, a real estate broker, alleged by his complaint in equity that he was employed by one Charles Henry, individually and on behalf of Florida Hotel Corporation and Emerald Isle, Inc., to find a purchaser for the Emerald Isle Flotel for the price of $1,500,000. He alleged further that Charles Martel employed him to find a hotel to purchase and that after a great deal of effort, he brought the parties together. The complaint further states that “in an effort to defraud plaintiff Pokress of his commission rightfully earned,” the seller and the buyer consummated a deal for $1,450,000, paying another broker a commission of $5,-000 and thereby “saving for themselves a total of $70,000, in just commissions, of which the buyer saved $50,000, and the seller saved $20,000.” The transaction was closed and the title was taken in the name of Colony Hotel, Inc., which allegedly Martel owned and controlled. The broker sought a decree declaring that he had earned his commission and that “the defendants and each of them be decreed to be trustees of a constructive trust to the extent of $70,000 gained by them.” The buyer filed a motion to dismiss the complaint on the ground that it failed to state a claim for relief and the Chancellor, after hearing, en *619 tered an order denying the motion to dismiss. Review of this order is sought by the petition for certiorari.
Petitioners contend that the complaint failed to state any cause of action against them and further that if under any conditions the realtor had a right of action against the petitioners, it would be one at law and not in equity. ,
The respondent realtor contends that he grounded his complaint on an alleged fraud and that there is adequate basis in the allegations to justify the declaration of a constructive trust. Although the complaint alleged that the buyer “employed the plaintiff for the purpose of finding a hotel,’’.the respondent in his brief specifically stated that, “It is admitted by the plaintiff that there was no binding contract between the. plaintiff and the Buyer defendant to pay the plaintiff any commission for the sale of the property involved.”
An examination of the record suggests' that we have before us another case in which a real estate broker is attempting to establish through an equitable proceeding a claim for a commission against the buyer in the transaction which the broker asserts he brought into being. This situation has been the source of recurring litigation in this court since our decisions in Moss v. Sperry, 140 Fla. 301, 191 So. 531, 125 A.L.R. 909, and Moss v. Sperry, 147 Fla. 86, 2 So.2d 123. The allegations of the complaint before us do not parallel those in the complaint in Moss v. Sperry, supra. Here there was no claim that there was an agreement to pay the broker out of the first,, monies paid. In fact there was no allegation whatsoever as to the amount of commission which the seller allegedly agreed to pay the broker. There were no allegations as to the inadequacy of a legal remedy and as a matter of fact .except for one bald conclusion the complaint was completely devoid of allegations showing that the parties knowingly combined, conspired and colluded to consummate the sale in a manner intended to evade the payment of commission. See Moss v. Sperry, 147 Fla. 86, 2 So.2d 123. Here the transaction was completely closed before the broker moved to> assert his claim. There is no showing in the complaint that because of the efforts of the broker the buyer was willing to consummate the deal bn the terms presented to him by the broker for the seller. For all that appears, the original terms could have been unsatisfactory to the buyer and he ultimately closed on other terms agreeable to him. There is, furthermore, no showing of a trust res upon which a constructive trust could be founded. There were no factual allegations to support even an inference of a tortious interference with a contract.
In fairness to the Chancellor below as well as to counsel for both parties in the proceedings here, our opinion in Borinsky v. Cohen, Fla.1956, 86 So.2d 814, had not been filed when the order under review was. entered. It is our view that insofar as these petitioners are concerned, their position is supported by the decision of this court in Borinsky v. Cohen, supra, and the cases there cited. An extended discussion of the rule of law applicable here would be without justification in view of our recent pronouncements on the subject. Reference to Borinsky v. Cohen, supra, is hereby made as support for our conclusion that the order of the Chancellor denying the motion to dismiss was erroneous. See also, Nicol v. Bressler, 159 Fla. 668, 32 So.2d 457, and Robertson v. Williams, 158 Fla. 163, 28 So.2d 114.
For the reasons stated, the prayer of the petition is granted, the order appealed from is quashed, and the cause remanded for further proceedings consistent with this-opinion.
DREW, C. J., and TERRELL and ROBERTS, JJ., concur.