136 So.2d 12 (1962)
ORO VERDE GROVES, INC., a Florida Corporation, Rountree Building Corporation, a Florida Corporation, Harvey M. Rountree and Alice M. Rountree, Appellants,
v.
Richard W. FUCHS, Appellee.
No. 61-124.
District Court of Appeal of Florida. Third District.
January 4, 1962.
Rehearing Denied January 22, 1962.
*13 Thomas J. Walsh, Homestead, for appellants.
William A. Ingraham, Jr., Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
CARROLL, Judge.
Appellants, who were defendants below, appeal from an adverse summary judgment.
The plaintiff, a real estate broker, alleged a listing contract, and performance thereunder by production of a purchaser. In one count, he sought recovery of a 10% commission of $13,500, against the owner-seller, Oro Verde Groves, Inc., and in another count charged it and other defendants with having conspired and made a sale at a lesser price to deprive him of his commission, to his damage in the amount of such commission. It was charged that the seller, through its agent, rejected the proffered contract in bad faith and that the parties, "secretly negotiated among themselves without notice to plaintiff for the sale of the aforesaid property upon terms substantially the same" as those offered by the Rountrees in the contract to purchase he had procured from them. Plaintiff then alleged the property was sold pursuant to such conspiracy to Rountrees' corporation, the defendant Rountree Building Corporation, for $130,000. Defendants answered, and denied the allegations.
On plaintiff's motion for summary judgment the court had before it the pleadings and the depositions of the plaintiff, the defendant Rountree and of a Mr. Fisching, the officer of the seller corporation who acted for it in both transactions. Those depositions disclosed the material facts to be without genuine issue or dispute. Previously plaintiff had sold the Rountrees certain acreage. They showed interest in the subject property. Plaintiff obtained a listing from the seller by long distance conversation with Fisching who was in New York State. The terms outlined by seller set a sale price of $120,000 "net above all expenses". The amount of commission on such a sale was discussed as being 10%. They concluded a gross price of $135,000 should be sufficient to produce the $120,000 net desired by the seller. Twenty percent down payment was called for, with 5 years to pay the balance; also provision was to be made for release of single acres from the mortgage on a certain basis.
The Rountrees accepted and signed a purchase contract submitted by the broker, meeting the above terms but providing for 120 days before closing, with the larger down payment to be made on closing. Two *14 thousand seven hundred dollars were to be paid to the broker on signing. That last figure was arrived at by computing an amount of interest which would accrue on the purchase price prior to closing.
The seller, when informed by the plaintiff by telephone of that contract, rejected the sale. He wanted 29% down payment instead of 20%, objected to the broker's holding the earnest money, and announced he was unwilling to wait 120 days for the closing. Plaintiff so informed the Rountrees and returned their contract. He continued to work on the deal and made some headway. Rountree became agreeable to closing in 90 days and to putting up the 29%, but, apparently after direct contact with Fisching, he cooled to the broker.
Within a matter of days, Fisching came to Florida and met with Rountree. In one day they agreed upon a sale, ultimately taking title in the Rountree Corporation. Within another day the papers had been drawn and signed by the Rountrees. The terms were very much the same. As a means of comparing the main terms of sale as contained in the contract which the broker obtained from the Rountrees with those appearing in the subsequent contract which the parties made without the broker's knowledge, the following is included:

 Broker's Contract Parties Contract
 Sale Price $ 135,000 $ 130,000
 Earnest Money $ 2,700 $ 3,000
 Closing Period 120 days 120 days
 Cash on Closing $ 39,150 $ 12,000
 Balance Mtg. 5 yr. 6% Mtg. 5 yr. 6%
 Release clause, substantially same in each contract.

From the foregoing, it is apparent that the purchaser saved $5,000 on the purchase price and received somewhat better terms in the amount of the cash paid on closing; and that the seller obtained approximately $10,000 more than if he had sold through the broker on a $120,000 net basis. Those figures, and the conduct of the parties in bringing them about, speak for themselves; and on the evidence before him the able trial judge committed no error in granting summary judgment for the plaintiff against the defendants. See Schneider v. Binder, Fla. 1954, 72 So.2d 909; Williams v. Dr. P. Phillips & Sons, 160 Fla. 110, 33 So.2d 637; Nicol v. Bressler, 159 Fla. 668, 32 So.2d 457; Dr. P. Phillips & Sons v. Kilgore, 152 Fla. 578, 12 So.2d 465. See also Prosser, Torts (2d ed 1955) S. 46, pp. 234-35.
Accordingly, the judgment appealed from should be and hereby is, affirmed.
PEARSON, TILLMAN, C.J., concurs in part and dissents in part.
PEARSON, TILLMAN, Chief Judge (concurring in part and dissenting in part).
The defendants appeal a summary final judgment against them jointly for the amount of a real estate commission. The defendant Oro Verde Groves, Inc. was the seller and the defendants Harvey M. Rountree and Alice M. Rountree, his wife, were the prospective purchasers whom the plaintiff produced. The defendant Rountree Building Corporation was the subsequent purchaser.
It is my view, as that of the majority, that the pleadings together with the depositions on file establish the liability of the defendant-seller for the commission. I do not find the joint liability of the defendant-prospective purchaser and the defendant-subsequent purchaser established without genuine issue as to material fact because no overt act of conspiracy was alleged or proved. Colony Hotel v. Pokress, Fla. 1956, 88 So.2d 618; Borinsky v. Cohen, Fla. 1956, 86 So.2d 814; cf. In re Ruch's Estate, Fla. 1950, 48 So.2d 289; Gair v. Lockhart, Fla. 1950, 47 So.2d 826; Renpack, Inc. v. Oppenheimer, Fla.App. 1958, 104 So.2d 642, 646.