SWANN, Judge.
This is a consolidated appeal by Plain-view Realty Corporation and Joseph F. Clark, defendants below, from a final judgment, after a jury verdict, for the plaintiff, Ben D. Wilder, d/b/a Southland Companies.
Plaintiff sued these defendants and Dade Federal Savings & Loan Association, and by amended complaint sought damages from the federal for a real estate commission and from the appellants herein on grounds of unjust enrichment; tortious interference with a contractual relationship, and conspiracy to induce Dade Federal to breach its contract with plaintiff.
After the plaintiff’s case, all defendants moved for a directed verdict, which was granted as to Dade Federal. The jury then returned a verdict for $20,500 against these two defendants, who have properly appealed.
In this posture, we consider the record in the light most favorable to the party in whose favor the verdict was rendered. Florida East Coast Railway Company v. Schweida, Fla.App.1963, 151 So.2d 665.
It appears that early in 1962 the defendant, Dade Federal, was the owner of a hotel and listed it for sale with the defendant, Clark, a real estate broker. Clark contacted the president of Plainview Realty and on June 28, 1962 submitted a written offer for Plainview to purchase the hotel. Dade Federal turned down the offer. In January or February, 1963, the plaintiff, through his salesman, obtained an open non-exclusive listing, along with some thirty *34 other brokers, of the hotel from Dade Federal, at a price of $475,000, including-a five per cent commission to be paid by seller. The plaintiff placed an advertisement in the newspaper without identifying the subject property, and the president of Plain-view telephoned to inquire if the property advertised was the hotel. An appointment was made by the president, who told the salesman for the plaintiff that he was familiar with the hotel, as he had tried to buy it about one year previously through another broker, namely the defendant, Clark.
In April or May, 1963 the plaintiff, through his salesman, Krugliclr, submitted at least three offers to Dade Federal on behalf of Plainview, all of which were turned down. In September or October, 1963, the salesman again contacted the president of Plainview and told him that the federal was now willing to accept the last offer that had been submitted, namely a price of $425,000. The president replied to the salesman that he was not interested, and after that the plaintiff did nothing further to interest either the president of Plainview or Dade Federal in the deal.
The evidence is conflicting as to whether Clark had submitted any offers on the property since 1962, but in December 1963 Dade Federal was contacted by Clark concerning a sale of the hotel to Plainview.
A sale was then consummated by Plain-view for the purchase of the hotel from Dade Federal for the amount of $410,000, with $29,000 cash and the balance to consist of a purchase money first mortgage of approximately $381,000, subject to prora-tions. The commission for services rendered by Clark was in the amount of $10,000, to be paid by Dade Federal at the time of the closing, which was apparently held on January 10, 1964. Dade Federal issued a check payable to the order of Joseph F. Clark in the amount of $10,000, which was then endorsed by him and utilized by Plain-view as part of the cash required to close the transaction.
Clark executed an agreement with Plain-view, wherein he agreed to accept a commission of $5,000, of which $1,000 was payable in cash and the balance to be payable in weekly installments of $40 per week, together with a purported exclusive right to sell other properties of Plainview until he had received his commission. The transaction was then closed and a deed delivered by Dade Federal to Plainview. No commission was paid unto the plaintiff.
This suit was thereafter instituted and final judgment obtained.
The judgemnt is affirmed. There was evidence that pursuant to the rejection by Plainview of the acceptance of its third offer, immediately thereafter Clark commenced to represent Plainview as broker in its negotiations with Dade Federal. It was contemplated by Dade Federal and the plaintiff that a commission of five per cent was to be paid for services rendered by the plaintiff. The evidence showed, and the jury could find, that Clark negotiated with Dade Federal and caused a contract to be entered into between Plainview and Dade Federal for a purchase price of $410,000. Dade Federal received a net cash of $19,000, subject to prorations, after payment to Clark of a commission of $10,-000. Under the terms of the proposed contract between the plaintiff and Dade Federal, based upon the offer of $425,000, and a mortgage of $385,000, there was to be a net cash to Dade Federal, after payment of five per cent commission to the plaintiff, of $18,750. A jury could find from the evidence that Clark contributed $10,000 commission to assist Plainview in purchasing said property and had entered into a contract with Plainview for the payment of the commission by it of $5,000 in deferred amounts and other means. The jury could find from the evidence that Plainview was acting in bad faith in not accepting the terms and conditions, as accepted by Dade Federal, of the last offer of October, 1963. It was at that time that the plaintiff would be entitled to a commission from Dade Federal. The jury could *35 further find that Clark and Plainview did. conspire by their acts to deprive the plaintiff from collecting a commission from Dade Federal.
A case of similar design is Oro Verde Groves, Inc. v. Fuchs, Fla.App.1962, 136 So.2d 12, wherein Judge Carroll for the court held that when the vendor had rejected a purchase offer obtained from prospective purchasers by the broker with whom the property was listed and the vendor then negotiated, without the broker, the sale of the real property on substantially the same terms to the prospective purchasers’ corporation, vendor, prospective purchasers and the corporation were liable for commission.
The only distinction between the cases is that the vendor in the case, sub judice, was granted a directed verdict on the issue of liability. The directed verdict was on the grounds of insufficiency of proof and no appeal has been taken to its efficacy. The evidence established that Dade Federal had paid a full commission on the sale to Clark, and if there were any wrongdoing, Dade Federal was exonerated. In addition; the contract of sale released Dade Federal from any liability to any brokers, except Clark. This did not dispose of the issue of the alleged conspiracy, or tortious interference with a contractual relation.
A comparison between the rejected contract, submitted by plaintiff, and the contract of sale, shows the same striking similarity as that in Oro Verde, supra.
Here, the jury heard the testimony which was conflicting and contradictory, saw the witnesses, resolved questions of credibility and fact, and found for plaintiff. On appeal, we do not decide the case on how we might have resolved the evidence, but only whether there was sufficient evidence in the record to uphold the verdict. We find that there was substantial competent evidence to uphold the verdict and the judgment appealed.
We have reviewed the other questions on appeal and find them to be without sufficient merit to warrant reversal.
'Judgment affirmed.