PATTERSON, Judge.
This appeal results from a final summary judgment in favor of the appellee, plaintiff below, in an action for a real estate commission. We reverse.
On March 13, 1987, the appellants and the appellee entered into a standard Multiple Listing Service exclusive right to sell listing agreement with a contract term of 180 days. The listing price was $90,000. During the term of the listing, the appellee procured an offer to purchase from Electric Supply of Tampa, Inc., in the amount of $85,000. The offer was executed on behalf of the corporation by G.M. Adams, Sr., its principal stockholder. The appellee submitted the offer to the appellants, which they rejected. Thereafter, the listing expired and was not renewed. Forty-eight days later, on October 30, 1987, the appellants sold the property to Sandra Brock for $85,000. Sandra Brock is the daughter of G.M. Adams, Sr.
Based on these undisputed facts the ap-pellee brought suit against the appellants, asserting that it was entitled to a real estate commission based on the exclusive right to sell agreement. That agreement, in pertinent part, provides:
3.For finding a purchaser of the above property:
*359 B. The commission is to be paid to you whether the purchase is secured by you or me, or any other person, at the price and upon the terms mentioned, or at any other price or terms acceptable to me; or if the property is afterwards sold within 90 days from the termination of this agency to a purchaser to whom it was submitted by me, you or any other Member of the M.L.S. during the continuation of this agency, and whose ñame was disclosed or otherwise became known to me. Provided, however, that if I sign another exclusive right of sale agreement with any other licensed real estate broker, then this paragraph “B” shall, on the signing of subsequent agreement, cease to be effective.
By way of deposition Sandra Brock testified that she learned of the property from her brother subsequent to September 12, 1987, and had no contact with the appellants, the appellee, or any other real estate agent regarding the property during the 180-day listing period. The appellants and the appellee, likewise, confirmed that they had no contact with or knowledge of Brock during the 180 days.
In the face of these facts, the appel-lee took the position in the court below that paragraph 3. B. of the listing agreement entitled it to a commission in the event the landowner procured a purchaser within ninety days of the termination of the 180-day listing term. This interpretation of the listing agreement, with which the' trial judge agreed, has the effect of transforming a 180-day contract into a 270-day contract. This is not what the ninety-day “protection clause” is intended to do. Rather, the clause protects the listing broker from a seller who attempts to avoid paying the broker’s commission through collusion with a prospective purchaser who was found during the 180-day listing term. There is no evidence in this case that that occurred.
Appellee asserted an alternative theory that it was entitled to a commission as having been the procuring cause- of the sale. This theory is founded on the fact that the ultimate purchaser was the daughter of the primary stockholder of the corporation which had made a bona fide offer to purchase during the contract term. As likely as it may seem that the rejected offer of the corporation and the ultimate purchase by Brock are intertwined, there is no evidence to support such a conclusion. A real estate broker becomes a procuring cause of a sale by doing some act which brings the buyer and the seller together. Brandenburg Inv. Corp. v. Farrell Realty, Inc., 463 So.2d 558 (Fla. 2d DCA 1985). Without more, the mere fact that the property is ultimately purchased by a relative of a person who has made an offer within the contract term is insufficient to meet this burden of proof.
We have reviewed the record for any facts upon which appellee could prevail and have found none. We, therefore, reverse with directions to enter judgment in favor of the appellants. The disposition of this appeal renders the cross-appeal moot.
Reversed and remanded.
CAMPBELL, C.J., and SCHEB, J., concur.