PER CURIAM.
Riteway Real Estate, Inc., appeals an order dismissing its action against appellee Bentley Ocean View, Inc., with prejudice. We reverse.
*1195 The present appeal is from an order dismissing the plaintiff/appellant’s amended complaint. For present purposes the facts pled in the amended complaint are accepted as true, and the amended complaint is to be construed in the light most favorable to the plaintiff. See Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7, 11 (Fla.1973); Cook v. Sheriff of Collier County, 573 So.2d 406, 408 (Fla. 2d DCA 1991); Wyatt v. McMullen, 350 So.2d 1115, 1116 (Fla. 1st DCA 1977).
Plaintiff Riteway Real Estate, Inc., is a real estate broker who cooperated with the listing broker, Real Estate Enterprises, Inc. (“REE”) in the sale of a hotel on Miami Beach. The seller had given an exclusive right of sale to the listing broker.
Plaintiff and the listing broker procured the defendant appellee Bentley Ocean View, Inc., as buyer.[1] Through appellant, Bentley prepared a written offer to purchase the hotel for three million dollars. This offer was set forth on a standard form contract for purchase and sale. The contract stated that REE and Riteway were the listing and cooperating brokers, respectively.
The brokerage fee portion of the contract was to be executed by the seller and the brokers. Prior to submission of the contract to the seller, the brokers inserted the agreed commission of five percent, and inserted the brokerage fee amount of $152,500.[2] The contract stated that the brokerage fee was payable at the time of closing.
The seller accepted the three million dollar offer and signed the contract so indicating.[3] However, in the brokerage portion of the contract the seller crossed out the commission percentage and amount.
Plaintiff alleges that the buyer was a sophisticated and knowledgeable purchaser of real estate, who understood that the brokers were the procuring cause of the sale. Plaintiff alleges that after signature of the contract, the buyer and seller dealt directly with each other, bypassing the brokers. We interpret this to mean that neither the seller nor the buyer timely disclosed to the brokers the seller’s strike-out of the broker’s commission. The plaintiff also alleges that the buyer and seller concealed that a closing was scheduled and, once the transaction had closed, concealed that the closing had taken place.
We think the allegations just stated are similar to those set forth in Mead Corp. v. Mason, 191 So.2d 592, 594-95 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 813 (Fla.1967); see also Oro Verde Groves, Inc. v. Fuchs, 136 So.2d 12, 14 (Fla. 3d DCA 1962).
Where a vendor and vendee act in concert to deprive a broker of her commission pursuant to a contract entered into between the broker and the vendor, then an action for tortious interference with that contract will lie against the vendee, as well as an action for the breach of the brokerage contract against the vendor.
Bermil Corp. v. Sawyer, 353 So.2d 579, 585 (Fla. 3d DCA 1977); see also Fearick v. Smugglers Cove, 379 So.2d 400, 403 n. 2 (Fla. 2d DCA 1980); Sutton v. Stewart, 358 So.2d 119, 121 (Fla. 1st DCA 1978). The allegations are sufficient to survive a motion to dismiss. Consequently, we reverse the order under review.
The buyer contends that the plaintiffs claim in this case is barred by Borinsky v. Cohen, 86 So.2d 814 (Fla.1956). We disagree. In that case plaintiff had filed suit on the equity side of the court. The Florida Supreme Court held that the suit should have been dismissed. However, the court noted that the inartfully pled claim for tor-tious interference could conceivably be cured by repleading. Consequently, the court directed that the existing complaint would be dismissed, but without prejudice to the plaintiff to file an appropriately pleaded case on the law side of the court. Id. at 815. Similarly inapposite are Colony Hotel, Inc. v. Pokress, 88 So.2d 618 (Fla.1956), and *1196 Schneider v. Binder, 72 So.2d 909 (Fla.1954), both of which recite numerous pleading deficiencies by the plaintiffs in the respective cases. Contrary to the suggestion of the buyer, we think that Mead Corp. v. Mason is correctly decided.
Reversed and remanded for further proceedings consistent herewith.

. Plaintiff's claim against the seller remains pending in the trial court.

. This figure evidently represented the agreed five percent commission rate plus an unexplained adjustment of $2,500.

.The $3,000,000 agreed sale price represented a $200,000 reduction from the then asking price of $3,200,000. The crossed-out brokerage fee was $152,500.