691 So.2d 1094 (1997)
BRICKELL BAYVIEW REAL ESTATE, INC., a Florida corporation d/b/a Fortune International Realty, Appellant,
v.
Roy COOPER, Appellee.
No. 96-2309.
District Court of Appeal of Florida, Third District.
March 12, 1997.
Rehearing Denied May 7, 1997.
Allen P. Reed, Miami, for appellant.
Eckert Seamans Cherin & Mellott and Anthony J. Carriuolo and Alan D. Danz, Ft. Lauderdale, for appellee.
Before GERSTEN, GREEN and SHEVIN, JJ.
PER CURIAM.
Brickell Bayview Real Estate, Inc. d/b/a Fortune International Realty ("Fortune") appeals an adverse final judgment entered after a non-jury trial on its complaint for real estate commissions pursuant to an oral open listing agreement with appellee, Roy Cooper.
At issue in the trial was whether Fortune was the procuring cause of the sale of real property owned by Cooper. A real estate broker will be entitled to a commission of the sale of real estate as the procuring cause "[i]f the broker has brought the parties together and a sale is effected as a result of the continuous negotiations inaugurated by him [or her]...." Taylor v. Dorsey, 155 Fla. 305, 308, 19 So.2d 876, 878 (1944); South Pacific Enters., Ltd. Partnership v. Cornerstone Realty, Inc., 672 So.2d 568, 570 (Fla. 4th DCA), rev. denied, 682 So.2d 1100 (Fla. 1996); see Brisco v. Ronnie Diaz Realty Corp., 562 So.2d 358, 359 (Fla. 2d DCA 1990); Sheldon Greene & Assocs., Inc. v. Rosinda Investments, N.V., 475 So.2d 925, 927 (Fla. 3d DCA 1985), rev. dismissed, 502 So.2d 421 (Fla.1987); Ehringer v. Brookfield and Assocs., Inc., 415 So.2d 774, 775 (Fla. 5th DCA 1982). Based upon the evidence adduced at trial, the court found that a broker other than Fortune, was the procuring cause for the sale of Cooper's property. We find the trial court's finding in this regard to be totally supported by competent and substantial evidence in the record. Hence, it cannot be disturbed on appeal. Randy Int'l Ltd. v. American Excess Corp., 501 So.2d 667, 670 (Fla. 3d DCA 1987); Laufer v. Norma Fashions, Inc., 418 So.2d 437, 439 (Fla. 3d DCA 1982).
Fortune alternatively argues that it was entitled to recover under quantum meruit where this unpled theory was implicitly tried by consent of the parties. Fortune's proof at trial, however, reveals that it had an express agreement for the payment of commissions *1095 by Cooper upon certain conditions. Any proof of an express agreement between the parties, as to the commissions to be paid for the brokerage services rendered by Fortune, would necessarily defeat rather than sustain an action for quantum meruit. Harding Realty, Inc. v. Turnberry Towers Corp., 436 So.2d 983, 984 (Fla. 3d DCA 1983); Solutec Corp. v. Young & Lawrence Assocs., Inc., 243 So.2d 605, 606 (Fla. 4th DCA 1971). Indeed, we note, in particular, that Fortune introduced evidence only of the claimed commissions owed pursuant to its oral agreement with Cooper. It introduced no evidence of the reasonable value of its services in the absence of this express agreement. Thus, the trial court had no basis to award Fortune any quantum meruit damages. See Solutec, 243 So.2d at 606 ("The measure of recovery in a case of this type is the reasonable value of the labor performed and the market value of any materials furnished ....").
Finding no reversible error, we therefore affirm the judgment under review.
Affirmed.