689 So.2d 1208 (1997)
ERA CARICO REAL ESTATE CO., INC., a Florida corporation, and Ganim Realty, Inc., a Florida corporation, Petitioners,
v.
Seraphin Joseph MANFREDONIA, Respondent.
No. 96-3201.
District Court of Appeal of Florida, Third District.
March 12, 1997.
Rehearing Denied April 9, 1997.
Frigola, DeVane, Wright & Dorl and William N. DeVane, Jr., Marathon, for petitioners.
Davis, Whalen, McHale & Considine and Michael J. McHale, West Palm Beach, for respondent.
Before NESBITT, JORGENSON and SHEVIN, JJ.
SHEVIN, Judge.

ON PETITION FOR WRIT OF CERTIORARI
ERA Carico Real Estate Co., Inc., and Ganim Realty, Inc. [collectively "Petitioners"], seek certiorari review of a circuit court order that reversed, on appeal, a county court final judgment. Finding that the order under review departs from the essential requirements of law resulting in a miscarriage of justice, Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995), we grant certiorari, and quash the appellate division's order.
The trial court entered final judgment in Petitioners' favor finding that Petitioners were due a commission as the procuring causes of a real estate sale. The appellate order reversed the final judgment, reasoning that Sheldon Greene & Assoc., Inc. v. Rosinda Inv., N.V., 475 So.2d 925 (Fla. 3d DCA 1985), review dismissed, 502 So.2d 421 (Fla.1987), precluded Petitioners from recovering any commission under the procuring cause theory because the trial court found that the buyer and seller did not intentionally exclude Petitioners from the sale.
*1209 However, the court misconstrued the holding in Sheldon Greene & Assoc. Although the case involved a scenario where the buyer and seller excluded the broker from negotiations through deceit, in holding that the broker was the procuring cause of the sale, this court stated:
While we acknowledge that such descriptive terms as "secret," "clandestine," and "conspiratorial" are often found in the broker commission cases, the use of such terms hardly establishes an additional element of a broker's cause of action for a commission, that is, that the seller and buyer acted with bad motives. In our view, these terms, in this context, mean nothing more than the buyer has negotiated directly with the seller without the participation of the broker who first called the property to the buyer's attention; this negotiation is called "secret," "clandestine," and "conspiratorial" because only the buyer and seller are in on it.
Sheldon Greene & Assoc., 475 So.2d at 928 (emphasis added). Here, as in Sheldon Greene & Assoc., the buyer and seller negotiated directly and excluded the Petitioners who initially brought the property to the buyer's attention. Thus, the trial court properly deemed the Petitioners to be the procuring cause of the sale. The appellate order's reasoning to the contrary is error and departs from the essential requirements of law. Because the error is sufficiently egregious to result in a miscarriage of justice, Haines City Community Dev., we grant certiorari, quash the appellate division's order and remand with instructions to reinstate the trial court's final judgment.
Certiorari granted.