PER CURIAM.
Cushman & Wakefield of Florida, a licensed real estate brokerage, appeals the final judgment which found that Cygne Design, Inc., the buyer/lessee, was an unknown party in the relationship between Cushman & Wakefield and the Schaecters, the seller/lessor. For the following reasons, we reverse.
Cushman & Wakefield was the party that introduced Cygne Design to the Schaecters, and was a broker involved in the negotiations between these parties. It is entitled to its commission because it was the procuring cause. See Estes v. Moylan, 94 So.2d 362, 365 (Fla.1957)(en banc); see also Sheldon Greene & Associates, Inc. v. Rosinda Investments, N.V., 475 So.2d 925, 927 (Fla. 3d DCA 1985) (holding that liability for the brokers’ commission may be based on the simple fact that the seller and buyer were brought together by the broker).
Furthermore, because Cushman & Wake-field was the procuring cause of the introduction of these parties to the negotiations and subsequent deal, it is irrelevant that the Schaecters claim lack of knowledge as to the identity of Cygne representatives during these negotiations in which Cushman & Wakefield was the intermediary. See ERA Carico Real Estate Co., Inc. v. Manfredonia, 689 So.2d 1208, 1209 (Fla. 3d DCA), review denied, 700 So.2d 686 (Fla.1997); see also Oro Verde Groves, Inc. v. Fuchs, 136 So.2d 12 (Fla. 3d DCA 1962).
Reversed and remanded for further proceedings consistent with this opinion.