PER CURIAM.
*293 Affirmed. See Rotemi Realty, Inc. v. Act Realty Co., 911 So.2d 1181, 1189 (Fla. 2005) (holding that "to earn a commission a broker must perform two essential tasks: First, the broker must 'initiate negotiations by doing some affirmative act to bring the buyer and seller together.' Second, the broker must remain 'involved in the continuing negotiations between the seller and the buyer,' unless 'the seller and buyer intentionally exclude the broker from the negotiations.' Whether a broker has performed these tasks 'is a question of fact that the fact-finder must determine from the surrounding circumstances. Appellate courts uphold such determinations when supported by competent, substantial evidence' ") (internal citations omitted). See also Brickell Bayview Real Estate, Inc. v. Cooper, 691 So.2d 1094 (Fla. 3d DCA 1997) (holding that trial court's determination that appellant was not the procuring cause of the sale was supported by competent substantial evidence and hence could not be disturbed on appeal); Zupnik Haverland LLC v. Current Builders of Fla., Inc., 7 So.3d 1132, 1134 (Fla. 4th DCA 2009) (holding: "The lower court's ultimate factual determinations during a non-jury trial may not be disturbed on appeal unless shown to be unsupported by competent and substantial evidence or to constitute an abuse of discretion").